# Brunson v. Morgan.

*Statutory Action in nature of Ejectment.*

1. *Real estate belonging to partnership.*—When real estate is conveyed to a partnership by name, the legal title does not vest in the partnership, but in the several partners as tenants in common; though a court of equity will treat such lands, when purchased with partnership effects, and needed for partnership purposes, as personalty.

2. *Conveyance of lands by partnership.*—A conveyance of lands executed by one partner, in the partnership name, conveys only his undivided interest therein; and the subsequent assent of the other partners, verbally given, does not devest the legal title out of them.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Mrs. Sallie Morgan, a married woman, against Matthew Brunson, to recover a tract of land particularly described in the complaint, with damages for its detention. The defendant pleaded not guilty, and a special plea, which averred that, at the time of the execution of the deed under which plaintiff claimed, he was in the adverse possession of the land under claim of title, and therefore her deed was void. The cause was tried on issue joined on both of these pleas. On the trial, as the bill of exceptions states, "the plaintiff introduced evidence tending to show that, before defendant entered upon said lands, the mercantile firm of Soudenmeier & Co., which was composed of M. G. Stoudenmeier, J. E. P. Flournoy, and C. S. Lee, executed a deed for said lands to Silas Brunson; the execution of which was proved," and which was produced. This deed was dated the 10th November, 1881, and was signed by the firm name of Stoudenmeier & Co.; and it purported to convey to said Brunson "all the right, title and interest which we [grantors] acquired as transferrees of a mortgage executed on the above land by said Silas Brunson" and others "to M. H. Amerine, trustee for Gary & Hudson, on 24th April, 1871." Appended to said deed was a certificate of acknowledgment by M. G. Stoudenmeier, of its execution by

38

[Brunson v. Morgan.]

the grantors on the day of its date, made by and before a justice of the peace on the 12th November, 1881; and a similar certificate of acknowledgment by J. E. P. Flournoy, "a member of said firm whose name is signed to the foregoing conveyance, that, being informed of the contents of the conveyance, he executed the same voluntarily, in the name of the firm, on the day the same bears date;" this last certificate being dated September 30th, 1884. "The evidence further tended to show," as the bill of exceptions states, "that said deed was executed by said M. G. Stoudenmeier; that said firm, at the time he executed said deed, had ceased to do business, although there was some property being held by them in the firm name, but there had been no dissolution of said firm; that he mentioned the matter, after said deed was executed, to said C. S. Lee, also a member of said firm, who acquiesced in what he had done in making said deed." The plaintiff also introduced as evidence a conveyance of said lands to her by Silas Brunson, which is stated to have been executed before the commencement of this suit. "This being all the evidence necessary to be set out, the court charged the jury, among other things, that the deed set out, which was executed by M. G. Stoudenmeier for said firm of Stoudenmeier & Co., acquiesced in by said Lee, and acknowledged by said Flournoy, passed the title of all the members of said firm to said lands, provided they, on being informed thereof, acquiesced therein." The defendant excepted to this charge, and he here assigns it as error.

J. D. GARDNER, and W. D. ROBERTS, for appellant.

W. D. WOOD, and M. N. CARLISLE, *contra.*

STONE, C. J.—The deed to Stoudenmeier & Co. vested the legal title in the several members of the firm as tenants in common, and not in the name of the partnership as such. Its legal effect was the same as if the deed had been made to the three partners in their individual names. Each partner became seized of an undivided third part of the land, subject, so far as the powers of a court of law can be exerted, to all the incidents of real estate held in common.—Code of 1876, § 2191. In equity, a different rule prevails. If lands are purchased with partnership effects, and are needed for the payment of partnership debts, or to equalize the interests of the several partners, equity will convert them into personalty, with all the incidents of personal property.—*Espy v. Comer, ante,* p. 501, and authorities cited; *Caldwell v. Parmer,* 56 Ala. 405; *Lang v. Waring,* 25 Ala. 625; Parsons on Part. 571-2.

According to the undisputed facts in this case, the firm of

[Enzor & McNeill v. Hurt.]

Stoudenmeier & Co. consisted of three partners. Stoudenmeier alone executed the deed, employing the firm name, and he alone acknowledged its execution. The names of the other partners no where appear in the conveyance. This conveyed the legal title to only Stoudenmeier's undivided third interest in the lands, and left the remaining two-thirds in the other two partners, to be devested by a suit in equity, if a proper case can be made. The fact that the other partners afterwards assented to the sale, by oral agreement, did not devest the legal title out of them. The authority to convey lands for another, even if the deed purported to convey the title of the other partners by name, must be in writing.—Code of 1876, § 2121. The Circuit Court erred in holding that the deed, executed as above set forth, conveyed the title of each member of the firm.

Reversed and remanded.