Rogers v. Sims.

---

THOMAS ROGERS, Plaintiff in Error, v. JAMES F. SIMS, Defendant in Error.

St. Louis Court of Appeals, March 18, 1890.

Pleading: ACTION FOR SETTLEMENT OF PARTNERSHIP AFFAIRS. One partner cannot maintain an action against his copartner for a settlement of the partnership business and an accounting, without showing that some one, either he or the creditors of the firm, will be benefited thereby. Petition in question *held* insufficient on demurrer.

Rogers v. Sims.

*Error to the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*M. F. Taylor, R. L. McLaran* and *Julian Laughlin,* for the plaintiff in error.

*Geo. E. Smith,* for the defendant in error.

THOMPSON, J., delivered the opinion of the court.

The questions for decision in this case arise on a demurrer to the following second amended petition :

"Comes now the plaintiff, leave of court first having been obtained, and files this, his amended petition, and for cause of action states : That heretofore, to-wit, on or about the first day of January, 1871, he and the defendant entered into partnership under the firm name of Rogers & Sims, in the city of St. Louis, in general business of contracting for railroad work for the construction of sewers, excavation of cellars, and other work of like character, and that they were equally interested in said business.

"That said firm continued in business from the said date until about the first day of March, 1878, at about which time the defendant Sims took all the books of the concern and left the city of St. Louis, and since said time has remained outside of Missouri, and wholly out of reach of the process of this court.

"That, at the time said Sims left, the affairs and business of the said partnership stood wholly unsettled and unadjusted, and that the relative interests of the two partners, were unascertained and wholly undetermined.

"That the said Sims, at the time he so left, was, and is now, largely indebted to the firm beyond any interest that the said Sims then or now owned in said enterprise.

"That the firm of said Rogers & Sims, as entered into as aforesaid, are still indebted in the state of Missouri, and have some property left here undivided.

"That the plaintiff has oftentimes written to said Sims, and demanded of him that a settlement should be made, the affairs and business of said partnership wound up, its debts paid and its assets distributed, but that said Sims has wholly failed and refused to make any such settlement or to come to St. Louis with the books of said concern for the purpose of making such a settlement, or to meet plaintiff for the purpose of making a settlement or to pay any portion of the debts or of the balance due from him to the firm; and that the affairs and business of said partnership now remain and stand wholly unsettled and unadjusted.

"Wherefore the plaintiff prays that the affairs and business of said partnership be wound up and finally settled; that an account be stated to determine the relative amounts due and coming to the partners from said firm, and the amount due from each partner to the firm, and in all things a correct settlement be made of the affairs and business of said concern, and that in case said Sims shall be found indebted to the firm, that plaintiff have judgment against him for any such sum so found to be due and for all proper relief."

The court sustained the demurrer to the foregoing petition, and, it being the third petition filed in the cause, rendered final judgment for the defendant, to reverse which the plaintiff prosecutes this writ of error.

This petition seems to be defective in many respects. It is to be observed that it states when the partnership commenced, but it does not state when, if ever, it was dissolved, or what its duration under the partnership agreement was to be. This allegation is, therefore, indefinite and uncertain.

It also states that the firm of Rogers & Sims is still indebted in the state of Missouri and have some property left over undivided; but it does not state that the

defendant offers any obstruction to the plaintiff in taking possession of this undivided partnership property and using it in the payment of the partnership debts, as it is his duty to do; nor does it even state that the plaintiff is not in possession; nor does it state that this property is not sufficient for the payment of the partnership debts. This paragraph of the petition, therefore, seems to contain no equity.

The petition also states that Sims, at the time he so left, was, and is now, largely indebted to the firm beyond any interest which he then owned or now owns in the enterprise. But it does not state that the plaintiff is not equally indebted; nor does it state that, if an accounting is had, it will show that Sims will be indebted to the plaintiff after the debts of the firm are paid.

The petition also states that when Sims left St. Louis, about the first of March, 1878, he took with him all the books of the concern; but it does not state that this was not done with the consent of the plaintiff, or that it was not rightfully done. It does not appear what special equity can be deduced from this allegation, unless it is to be found in the following allegation, that, at the time Sims thus left, the affairs and business of the partnership stood wholly unsettled and unadjusted, and the relative interests of the two partners unascertained and wholly undetermined. This leaves the question for decision whether one partner can maintain an action in the nature of a suit in equity against his copartner for a settlement of the partnership business and an accounting, without showing that some one, either himself or the creditors of the firm, is going to be benefited by it. We know of no principle or authority upon which this can be held.

This renders it unnecessary to consider the question which has been argued with reference to the effect of the statute of limitations.

Judgment affirmed. All the judges concur.