## HENDREN *v.* WING.

Opinion delivered May 18, 1895.

*Chattel mortgage—Partnership as grantee.*

    A chattel mortgage executed to a partnership by its firm name, which includes the name of no person, is good at law, as well as in equity.

Appeal from Phillips Circuit Court.

GRANT GREEN, Jr., Judge.

### STATEMENT BY THE COURT.

RIDDICK, J. The appellees, D. R. Wing, C. E. Stephens and Joseph Eggleston, are partners doing business under the firm name of Arkansas Machinery & Supply Company. In the course of their business as such firm, they sold one E. H. Miller the following machinery: One 35 horse power return tubular boiler, with fixtures and fittings, and one 35 horse power C. & T. engine complete with fixtures and connections. For this property Miller agreed to pay $906.50, and he gave his note for that amount, payable in installments. Afterwards, to further secure the payment of these notes, Miller executed a mortgage to said Arkansas Machinery & Supply Company, including in said mortgage the machinery purchased and also other property. Miller at this time was also indebted to appellants, and to secure the same had previously given them a mortgage on another boiler and engine. He disposed of this machinery

without appellants' consent, and replaced it with the machinery in controversy. Appellants obtained possession of the boiler and engine purchased from appellees, and claim the right to hold same in lieu of the boiler and engine wrongfully disposed of by Miller. Appellees brought replevin to recover the same. Their action was resisted on the ground that the mortgage to the Arkansas Machinery & Supply Company, under which appellees claimed, did not contain the name of either a natural or artificial person, and was therefore void. The circuit court held that the mortgage was valid, and gave judgment in favor of appellees.

*John J. & E. C. Hornor* for appellants.

A mortgage, whether of real or personal property, to be valid against third persons, must contain as grantee, a person, natural or artificial; a person or corporation. If the mortgage is made to a firm or partnership, the firm name must contain the name of one or more of the partners. 36 Ark. 457; 52 *id.* 371; 34 Minn. 103; 58 Wis. 332; 26 Kas. 212; 22 Pac. 770.

RIDDICK, J., (after stating the facts). The Arkansas Machinery & Supply Company is not a corporation, but it is the business name of a firm of partners. The question for us to determine is whether a chattel mortgage, executed to it as such partnership, is valid at law. The decisions in regard to transfers of real estate to partnerships are based on the old rule that "a partnership, as such, cannot at law be the grantee in a deed, or hold real estate." *Percifull* v. *Platt*, 36 Ark. 464. This rule does not apply to personal property. On the contrary, a partnership, as such, can at law be the vendee in a bill of sale or other conveyance of personal property. The custom of the country teaches us that this is so. The business of the country is largely carried on by partners under partnership names, which frequently do

not contain the name of any person. Vast quantities of personal property of all kinds are contracted for, bought, and sold by such firms under their firm names each year, and their right to thus buy and sell goes unchallenged. A consideration of this fact shows that there is a wide distinction between the rights of partnerships at law in regard to the buying and selling of personal property and the restrictions which prevail there in regard to transfers of real estate.

A mortgage is only a conveyance for the purpose of securing a debt. If a bill of sale conveying personal property to a partnership by its firm name is valid, we see no reason why a mortgage of personal property to a partnership should not be upheld under like circumstances. It is true that the statute requires certain formalities in regard to acknowledging and recording mortgages in order to give notice to third parties. But there is nothing in the statute which renders invalid mortgages of personal property executed to a partnership by its firm name. Such a conveyance to a firm is just as effectual as if the name of each partner had been set out in the mortgage. *Henderson* v. *Gates*, 52 Ark. 371 ; *Kellogg* v. *Olsen*, 34 Minn. 103 ; *Byam* v. *Bickford*, 140 Mass. 32 ; *Brunson* v. *Morgan*, 76 Ala. 593 ; *Chicago Lumber Co.* v. *Ashworth*, 26 Kas. 212.

We therefore conclude that the judgment of the circuit court in regard to the validity of the mortgage was correct, and it is affirmed.

The record presents other questions, but we find nothing in them to warrant a reversal. They were not discussed by counsel, and we have deemed it unnecessary to discuss them here.