(38 South. 881.)

No. 15,317.

CHRETIEN v. GIRON.*

(May 8, 1905.)

ESTOPPEL AGAINST ESTOPPEL—PARTNERSHIP— DISSOLUTION—DEBTS DUE FIRM.

1. Where the plaintiff has sued for a settlement of the partnership, and defendant has pleaded settlement in bar of the suit, plaintiff is estopped from thereafter asserting that there has been a settlement; and the defendant, that there has not been one; and the two estoppels destroy each other, and set the matter at large.

2. Where, after the dissolution of the partnership, one of the partners has undertaken to collect the debts due the partnership, he will be held for the amount of same unless he accounts for his not having collected same.

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Thomas Lewis, Judge.

Action by Preval Chretien against Agenor Giron. Judgment for plaintiff, and defendant appeals. Modified.

Kenneth Baillio, for appellant. Lewis & Lewis, for appellee.

PROVOSTY, J. Plaintiff and defendant were partners in a beef-market business in the town of Opelousas, La. Plaintiff did the purchasing of cattle and of other animals for the firm, and the driving of them to pasture; and the defendant attended to the butchery of the animals, the selling of the meat, and the keeping of the books and accounts. The partnership lasted from April, 1894, to March, 1899. At its termination the partners submitted the books to an accountant to cast up the account between them. The accountant found that, on full and final settlement of all accounts, the defendant, Giron, owed the plaintiff, Chretien, $497.79, and that there was an amount of seven or eight hundred dollars due the firm by customers, in small amounts.

*Rehearing denied June 22, 1905.

Two years thereafter the present suit was brought by plaintiff for a settlement of the partnership. The defendant excepted to the suit on the ground that a full and final settlement of the partnership had already taken place (meaning the submission of the books and accounts to the accountant above referred to), and that plaintiff had accepted the settlement, and was bound thereby.

After hearing evidence, the court concluded that the parties had not accepted as a settlement the result of the said casting up of their accounts, and overruled the exception.

Thereupon the defendant answered, and the case was tried as if no settlement had ever taken place. As the result of the trial, the parties have changed sides. The plaintiff is now occupying the position which defendant occupied in the exception; that is to say, he is insisting that the balance, $497.-79, found by the accountant should be taken as the basis of settlement, and that defendant is estopped from contesting that balance, and the defendant is insisting that a settlement should be made according to the evidence on the trial.

Plaintiff is estopped from asserting that the previous accounting between the parties was accepted as a settlement, and the defendant is estopped from asserting that it was not accepted, and the result is that the two estoppels destroy each other, and set the matter at large. A. & E. E. of L. vol. 11, p. 392.

Defendant has clearly shown that his disbursements for the firm exceeded his receipts by $145.50. Plaintiff owes him, therefore, one-half of this, or $72.75.

After the dissolution of the partnership he was not, in the absence of any further agreement, under any greater duty to collect the outstanding accounts than plaintiff was, but he himself testified on the trial of the exception of no cause of action that he agreed to collect these accounts. And since he admits that he collected some of them, and otherwise leaves the matter at large, he, under familiar principles, must be held bound for the entire amount, say $750, of which plaintiff's share would be $325.

Deducting the $72.75 from this $325 leaves a balance of $252.25, for which plaintiff must have judgment against him.

The claims of defendant in reconvention have a certain staleness about them. Defendant was mistaken as to some, and may be mistaken as to others. They are disallowed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reduced to $252.25, and, as thus amended, be affirmed. Plaintiff to pay costs of appeal.