[No. 15519. Department One. December 3, 1919.]

RICHARD D. BAKER, *Appellant*, v. T. M. TENNENT, *Respondent.*[1]

PARTNERSHIP (87-89)—ACCOUNTING — RIGHT TO—DEFENSES—WANT OF ASSETS. An accounting between partners will not be decreed when there were no assets and no liabilities and no indebtedness due to the plaintiff from the firm or other partner and it would be of no benefit to any one.

Appeal from a judgment of the superior court for King county, Smith, J., entered February 1, 1919, upon granting a nonsuit, dismissing an action for a partnership accounting, tried to the court. Affirmed.

*Tucker & Hyland* (*S. H. Steele*, of counsel), for appellant.

*Lane & Thompson*, for respondent.

MACKINTOSH, J. — The appellant and respondent were engaged in the insurance and brokerage business under the name of Baker-Tennant & Company. As such, they executed to V. L. Prewett, the appellant's mother-in-law, notes in the sum of approximately $8,000, which money was used in the partnership business and represented a debt of the partnership. In 1913, the partnership sold their insurance business to a corporation and thereafter two or three brokerage deals were completed. The appellant instituted this action for an accounting and settlement of the partnership affairs. The books of the company on their face show a balance due the appellant of $5,531.63, and an indebtedness to the respondent of $192.25. The appellant, who kept the partnership books, credited to his personal account the sum of $6,204.44, the amount of three of the four notes issued to Mrs. Prewett. He

[1]Reported in 185 Pac. 576.

testified he did this for convenience, and although the amount of these notes was carried in his account, the account was initialed ''V. L. P.'' to show the amount came from Mrs. Prewett. The total of all these notes was also credited to the personal account of Mrs. Prewett on the books of the partnership. Excluding from the appellant's credits the amount of the three Prewett notes, which were executed by, and were the sole obligation of, the partnership, his account shows an indebtedness to the partnership of $672.81. The testimony shows there were no outstanding obligations of the partnership except the obligation of Mrs. Prewett, against which the statute of limitations had already run at the time of the trial, and that there were no property or assets of the partnership; that the commissions on the brokerage deals referred to in the plaintiff's complaint were either outlawed or had been fully settled, and that, as to those not settled, the plaintiff had the right, if he so desired, to attempt their collection, although, as stated, the statute of limitations had run against them. Their aggregate amounts were less than $200. The testimony being in this condition, the trial court found that there was not sufficient evidence to entitle appellant to an accounting, and with this conclusion we agree.

There being, at the time of the trial, no assets in the partnership nor liabilities, and no indebtedness due from the partnership or the respondent to the appellant, the only indebtedness being one to the respondent, and as he is making no claim for relief against the appellant as to this, the appellant is not entitled to an accounting. An accounting will not be had unless there is something in the hands of the defendant due to the plaintiff, and where no relief beneficial to the plaintiff can be granted, a defendant, over his objection, cannot be compelled to enter into an accounting.

Even if there were a small amount of undivided partnership property, the respondent was offering no objection to the appellant taking possession of it and using it for the payment of partnership debts. There will be no accounting without showing that someone, either the appellant or creditors of the partnership, are going to be benefited by it. *Hunt v. Gordon,* 52 Miss. 194; *Rogers v. Sims,* 39 Mo. App. 678; *McKaig v. Hebb,* 42 Md. 234; *Warburton v. Davis,* 123 Md. 225, 91 Atl. 163; *Campbell v. Zabriskie,* 8 N. J. Eq. 738, and 1 C. J. 629. The case of *Green v. Hart,* 27 Ky. Law 970, 87 S. W. 315, holding to the contrary, seems to have been decided against the nearly unanimous weight of authority.

Appellant frankly admits that his object in bringing this action is to secure on behalf of Mrs. Prewett the payment of her notes, although he did not plead or prove that he himself had paid the whole or any part thereof. They therefore remained entirely in the indebtedness of the copartnership. Mrs. Prewett had, at the time this action was begun, the right to have sued the copartnership on its obligation, but the appellant cannot maintain this suit on her behalf.

Under all the facts, the lower court was correct in dismissing the action, and its judgment is affirmed.

Holcomb, C. J., Parker, Main, and Mitchell, JJ., concur.