165 So. 399

**LAKE v. SEALY et al.**

**4 Div. 845.**

Supreme Court of Alabama.

Jan. 23, 1936.

O. S. Lewis and E. S. Thigpen, both of Dothan, for appellant.

F. M. Gaines and T. E. Buntin, both of Dothan, and Sollie & Sollie, of Ozark, for appellees.

468

BROWN, Justice.

The complainant, appellant here, rests the equity of· the bill on his asserted right to have the court decree a dissolution of the partnership between himself and McCaskill, state the account between the parties, sell the assets of the partnership, and distribute the residue of the proceeds of the partnership after paying the partnership debts.

Taking the averments of the bill as true, treating defects apparent on the face of the bill as amended, as must be done in considering the general demurrer for want of equity (McDuffie et al. v. Lynchburg Shoe Co. et al., 178 Ala. 268, 59 So. 567), the partnership was dissolved by operation of law on the 29th of April, 1933, when McCaskill transferred his entire interest in the partnership and the assets to the defendants J. R. and C. S. Sealy, Jr. Code 1923, § 9379.

There is nothing in the averments of the bill, or in the paper executed by McCaskill to the other defendant, made "Exhibit A" to the bill, showing that complainant and Snyder, who was then a member of the partnership, "had wholly abandoned the business to" McCaskill, or that they were incapable of acting. Code 1923, § 9376. Therefore, the Sealys were charged, as a matter of law, with McCaskill's lack of authority to dispose of complainant's interest or the interest of Snyder; yet McCaskill had the right, reserved by the partnership agreement, Exhibit B, to transfer his interest to the Sealys, and the transfer of his interest was a sufficient consideration for the release by the Sealys of the debt due to them from the partnership.

There is nothing in the bill's averments showing that the partnership owed any other debt, or that there was any basis for an accounting between the complainant and McCaskill or Snyder. It appears from the averments of the bill and the exhibits that McCaskill and Snyder now have no interest in the property right accruing to complainant and McCaskill, as individuals, under the contract with the Sealys, made "Exhibit A" to the bill.

A contract of partnership is essentially one involving the highest degree of reciprocity of personal obligation and trust, and partnership relations are presumed to be based on the mutual trust and confidence of each partner in the skill, knowledge, and integrity of every other partner, and they, inter se, are under mutual personal obligation and liability to render a true account and full information of all matters affecting the partnership, and to account for any benefit derived from any transaction concerning the partnership property, name, or business; and this personal obligation to account, where a necessity therefor exists, cannot be avoided by a transfer or assignment by a partner of his interest in the partnership and its assets. 47 C.J. 1161, § 844; Public Trustee v. Elder, [1926, Eng.] Ch.Div. page 776; Tolhurst v. Associated Portland Cement Manufacturers, [1902, Eng.] 2 K.B. pp. 660–669.

But in ·the circumstances disclosed by the bill no necessity exists for an accounting by the partners inter se, and no one, not even complainant, would be benefited, and a court of equity will not enter upon such useless investigation. Dugger v. Tutwiler et al., 129 Ala. 258, 30 So. 91; Baker v. Tennent, 108 Wash. 663, 185 P. 576; 47 C.J. pp. 1156, 1157, § 837. Therefore, the bill, viewed as one to require an accounting between partners, is without equity.

While the bill is subject to demurrable defects pointed out by some of the specific grounds of demurrer, when viewed as a bill for discovery and relief, treating amendable defects as amended, it is not subject to the general demurrer for want of equity.

The property right acquired by the complainant Lake & McCaskill under the contract with the Sealys, of date November 4, 1931, was a one-fourth interest in all the "oil and gas leases and landowners' royalties" owned and held by J. R. and C. S. Sealy, Jr., on said date; "Also a ¼ (one-fourth) interest in all oil, gas and mineral rights on lands owned by J. R. Sealy in fee simple," classified in the nomenclature of the law of real property as incorporeal hereditaments. 50 C.J. p. 758, § 31; Marrs et al. v. City of Oxford et al. (D.C.) 24 F.(2d) 541; Federal Oil Co. v. Western Oil Co. et al. (C.C.) 112 F. 373; Phillips v. Springfield Crude Oil Company et al., 76 Kan. 783, 92 P. 1119; Rich v. Doneghey et al., 71 Okl. 204, 177 P. 86, 3 A.L.R. 352; Caldwell v. Fulton, 31

Pa. 475, 72 Am.Dec. 760; Clayborn et al. v. Camilla Red Ash Coal Co., Inc., et al., 128 Va. 383, 105 S.E. 117, 15 A.L.R. 946. This right of property acquired under the contract of November 4, 1931, was subject to forfeiture under the condition subsequent embodied in said contract and conveyance, that "in the event the party of the second part is not successful in bringing in the Scaly Well No. 1, or some other well which they may drill and the party of the second part quits drilling operations and development work, all leases taken before and after November 4th, 1931, shall *revert* back to the party of the first part, and they, the party of the second part, will own no further interest. * * * The party of the second part agrees to continue actual drilling operations until the territory is either brought in or abandoned, and on abandoning no further interest is owned by the party of the second part"; and if, as alleged in the bill, the defendants, J. R. Sealy and C. S. Sealy, Jr., wrongfully interrupted the drilling operations by "entering into possession of Sealy Well No. 1 and placing armed guards thereat, excluding complainant therefrom, and preventing further prosecution of the project on the part of complainant or the firm of Lake & McCaskill," the defendants J. R. and C. S. Sealy, Jr., are in no position to claim a forfeiture of the rights of property under said condition subsequent. In making this application of the doctrine of forfeiture, we have assumed that the complainant is able to amend the bill so as to show that he was at the time actually engaged in the work, and was ready and able to continue the prosecution of the work. (Italics supplied.)

As the result of the transfer by Mc-Caskill of his interest to the Sealys, and Snyder's transfer of his interest to complainant, complainant and the Sealys were cotenants (Daniel v. Owens & Co., 70 Ala. 297), and complainant, if his right had not been forfeited, can maintain a bill in equity to sell the joint property and distribute the proceeds; and as an incident to this right, on proper averments and proof, may have discovery and an accounting from his cotenants. This is so, notwithstanding the defendants are asserting adverse possession and denying complainant's title. Code 1923, § 9331; McCaw v. Barker et al., 115 Ala. 543, 22 So. 131; Nelms v. McGraw, 93 Ala. 245, 9 So. 719.

We do not hold that the bill, as now framed, entitles the complainant to discovery, but enough is stated in the bill to indicate that it may be amended so as to authorize discovery. In the two cases last above-cited, the complainants did not seek a sale for distribution, nor did they seek discovery.

Our judgment, therefore, is that the general demurrer for want of equity is not well taken, but some of the specific grounds of demurrer, among others, grounds 1; 2, 3, and 19, were properly sustained.

There is an absence of averment in the bill that the said Sealy Well No. 1, from which salt water is taken in commercial quantities, is situated on lands owned by J. R. Scaly in fee, on the 4th of November, 1931. If said well was on the land in which the Sealys held only the oil and gas rights, the complainant has no interest in the salt products; but it would be otherwise if the well is on the fee-simple lands of J. R. Sealy, for as to said lands the contract of November 4th conferred, not only oil and gas rights, but all other mineral rights.

The decree of the circuit court is due to be affirmed. It is so ordered, with leave of the complainant to amend, as he may be advised, within twenty days from the filing of the mandate of this court with the register of the circuit court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.