10 So.2d 364

### SEALY et al. v. LAKE.

#### 4 Div. 237.

Supreme Court of Alabama.

Oct. 8, 1942.

Rehearing Denied Nov. 5, 1942.

E. S. Thigpen and O. S. Lewis, both of Dothan, and G. D. Halstead, of Headland, for appellee.

T. E. Buntin, of Dothan, and M. Sollie, of Ozark, for appellants.

BROWN, Justice.

The former appeal was by the appellee from an interlocutory decree on demurrer to the original bill which sought the dissolution of the partnership between the complainant and McCaskill, and an accounting, discovery and relief from all the defendants. In that appeal it was held that the partnership had been dissolved by the act of McCaskill in transferring his interest in the partnership to the Sealys, that it did not appear that the partnership owed any other debts than that due Sealy which had been satisfied by said transfer, and—not as a "gratuitous suggestion", but taking the averments of the bill as true and treating amendable defects as made, authoritatively

—that Lake and the Sealys were tenants in common of the oil leases, and the "oil and mineral rights in 'Sealy Well No. 1'" if that was held by Sealy in fee simple. These utterances were necessary in the interpretation of the contract of November 4, 1931, to determine whether or not the bill had equity in the aspect which sought discovery and relief against the Sealys. The decree was affirmed with leave of the complainant to amend. Lake v. Sealy et al., 231 Ala. 466, 165 So. 399.

After said appeal was disposed of, the bill was amended, and as amended seeks a sale of the oil, gas and mineral rights in "Sealy Well No. 1" for distribution of the proceeds and for discovery and relief as to hot salt water produced by said well and disposed of by the defendants commercially as mineral waters.

Before the original bill was filed, the defendants Sealy doing business as Rambo Lumber Company advanced to the partnership of Lake and McCaskill material and supplies in the prosecution of the work on said Sealy Well No. 1, to the amount of $1,677.88, and on April 29th, 1933, McCaskill acting as a member of the firm of Lake & McCaskill, and assuming to act for the partnership, by an instrument in writing under seal, duly acknowledged and recorded in the office of the Judge of Probate, transferred, released, assigned and conveyed to the Sealys all the rights acquired from them by the contract of November 4, 1931, including the right in Sealy Well No. 1, in satisfaction of said indebtedness, and said transfer and assignment was accepted by Sealys as in accord and satisfaction of said indebtedness.

On the former appeal it was held, "There is nothing in the averments of the bill, or in the paper executed by McCaskill * * * showing that complainant [Lake] and Snyder, who was then a member of the partnership, 'had wholly abandoned the business to' McCaskill, or that they were incapable of acting. Code 1923, § 9376 [Code 1940, Tit. 43, § 2]. Therefore, the Sealys were charged, as a matter of law, with McCaskill's lack of authority to dispose of complainant's interest or the interest of Snyder; yet McCaskill had the right, reserved by the partnership agreement, Exhibit B, to transfer his interest to the Sealys, and the transfer of his interest was a sufficient consideration for the release by the Sealys of the debt due to them from

the partnership." Lake v. Sealy et al., 231 Ala. 466, 468, 165 So. 399, 400.

On April 16th, 1934, the defendants Sealy brought an action of assumpsit on said account for advances made to said partnership, verified as authorized by statute [Code 1923, § 7666, Code 1940, Tit. 7, § 378] against Lake and McCaskill, partners doing business as Lake & McCaskill.

That case was brought to trial on February 11th, 1936, and as this record shows, the plaintiff in that case offered in evidence the verified account, and the ledger account showing said indebtedness.

Lake, the complainant here, defendant in the action of assumpsit, pleaded "payment" and offered in proof of said plea, the "said cancellation contract of April 29th, 1933," executed by McCaskill assuming to act for the partnership, in settlement of said indebtedness of the partnership. On this evidence the court directed a verdict for defendants, and judgment was accordingly rendered.

The appellants insist that Lake's acts in pleading payment generally, and using the said release and transfer purporting to release and assign the partnership assets, was and is a ratification of the unauthorized act of McCaskill in assuming to act for the partnership and transferring, releasing and assigning all of the right in said "Sealy Well No. 1" in satisfaction of the debt of the partnership, and said Lake is estopped by said proceedings and judgment to gainsay or dispute the validity of said transfer.

The learned circuit court, while holding that Lake's acts in so pleading and proving his plea, ratified the unauthorized act of McCaskill and he is estopped to dispute McCaskill's authority to act for all the partners, nevertheless the defendants Sealy, by suing the partnership on said account estopped themselves from claiming under said release upon which Lake obtained said judgment in said action of assumpsit, applying the doctrine of "estoppel against estoppel" which neutralizes each other, setting the entire question at large. Citing 10 R.C.L. p. 841, and Chretien v. Giron, 115 La. 24, 38 So. 881, 5 Ann.Cas. 845; 19 Am. Juris. 810, § 154.

The doctrine of estoppel against estoppel is well established, as the cited authorities and annotations show, but we are of opin-

ion that the doctrine is not applicable here, and that the holding is erroneous.

■ What the Louisiana Court held in Chretien v. Giron, supra, was that a party in a pending suit who for the purpose of maintaining his cause or defense has deliberately represented a thing in one aspect and obtained an advantageous ruling thereon, will not in that case be permitted to contradict his own representations. This is a well established phase of the doctrine of estoppel often applied in our cases. Hodges v. Winston, 95 Ala. 514, 11 So. 200, 36 Am.St.Rep. 241; Alabama Water Company v. City of Anniston, 223 Ala. 355, 360, 135 So. 585; Maryland Casualty Company v. Dupree, 223 Ala. 420, 136 So. 811; Hamilton v. Watson, 215 Ala. 550, 551, 112 So. 115.

■ The effect of the proceeding in the action of assumpsit by the Sealys against Lake & McCaskill, was to preclude and estop Sealys from maintaining the same issue in another action or suit that Lake & McCaskill were indebted to them and estops Lake who pleaded payment generally and proved his plea by offering in evidence the release and assignment made by McCaskill for and in the name of the partnership and obtained the judgment affirming such payment, from asserting that said release and assignment did not pass to Sealys his right in the oil, gas and mineral leases obtained under the contract of November 4th, 1931. Phillips v. Sipsey Coal Mining Company, 218 Ala. 296, 118 So. 513.

■ By so proving his plea of payment, he ratified the acts of McCaskill in executing said release and assignment in the name and for said partnership of Lake &. McCaskill. 20 R.C.L. 888, § 99.

■ While the title and interest in real property held by a partnership vest in the individual partners "so far as the powers of a court of law can be exerted"; in a court of equity, the interest in lands owned by the partnership, if needs be for the payment of debts of the partnership, or to equalize the interest of the several partners, will be treated as personalty, with all the incidents of personal property. Brunson v. Morgan, 76 Ala. 593; Espy v. Comer, 76 Ala. 501.

The decree of the circuit court is therefore reversed and one is here entered dismissing the bill as last amended.

Reversed and rendered.

GARDNER, C. J., and THOMAS, FOSTER, and LIVINGSTON, JJ., concur.

## On Rehearing.

BROWN, Justice.

■ The plea of "payment" filed by the defendant Lake in the action of assumpsit on the verified account against the partnership of Lake and McCaskill, imported payment by the defendant Lake (Code 1940, Tit. 7, § 233, form 38), and when Lake offered the assignment purporting to convey the entire interest of the partnership, in proof of his plea, and obtained a judgment of the circuit court adjudicating his nonliability in said suit, notwithstanding his effort to limit the transfer to the interest of McCaskill, he ratified the authority of said McCaskill to act for and in behalf of the partnership.

The equity suit by Sealys seeking a cancellation of the transfers was disposed of before the trial at law, and the issue of payment and ratification of McCaskill's authority was not an issue in that case. Lake had the right up to the time he offered said transfer and conveyance in support of his plea, to repudiate McCaskill's authority to transfer his (Lake's) interest, but he cannot in law or equity accept the benefits of such transaction and deny and repudiate the authority of his co-partner to make the same.

When the transfer was made by McCaskill for and in behalf of the partnership, the partners were acting under the common name, and prior to that time the indebtedness involved in the action of assumpsit had been contracted, Snyder bought into the partnership business with the indebtedness outstanding, and the partnership continued the business in the common name of "Lake and McCaskill". McCaskill in making the transfer assumed to act for the partnership and in its common name, and when Lake, who had in the meantime acquired Snyder's interest, ratified McCaskill's authority to make the transfer in settlement of the partnership's debts, he concluded his right to claim any interest in the property so transferred and conveyed.

Application for rehearing overruled.

GARDNER, C. J., and THOMAS, FOSTER, and LIVINGSTON, JJ., concur.