295 So.2d 396

**PREMIER INDUSTRIAL CORPORATION, a corporation**

v.

**Roy A. MARLOW et al.**

**SC 502.**

Supreme Court of Alabama.

May 9, 1974.

Rehearing Denied June 20, 1974.

Rives, Peterson, Pettus, Conway & Burge, and W. Eugene Rutledge, Birmingham, for appellant.

Cabaniss, Johnston, Gardner, Dumas & O'Neal and W. Stancil Starnes, Birmingham, for appellee C & C Products, Inc.

Bainbridge & Mims, Birmingham, for appellee Roy A. Marlow.

MERRILL, Justice.

This appeal is from orders sustaining demurrers of Roy A. Marlow and C & C Products, Inc., to the amended bill of Premier Industrial Corporation and dismissing the bill.

This is the second appeal in this cause. The contents of the original bill, as amend-

ed, are set out in the opinion on first appeal and will not be repeated here. It is sufficient to say that Premier sought to enforce non-competing contracts with Marlow and Leo and Lee Chaplin, owners of C & C Products, Inc. These contracts had been made with Premier while Marlow and the Chaplins were working for Premier. The trial court granted a preliminary injunction. Marlow and C & C filed demurrers, motions to discharge and dissolve the injunction and filed an answer including the defenses that Premier had not qualified to do business in Alabama, that the bill of complaint sought to enforce non-competition agreements of people who were residents of and working in other states than Alabama; that Premier had previously filed similar suits in Ohio, where the non-competition contracts were made, in South Carolina and Mississippi, and that preliminary injunctions had been denied in South Carolina and Mississippi, and the suit in Ohio had been dismissed on motion of Premier. In each paragraph of the prayer, Premier asked that the respondents be enjoined from doing certain acts in violation of Premier's contracts with its sales agents. The first appeal was from the order overruling the motions to discharge and dissolve the temporary injunction.

This court held on first appeal, C & C Products, Inc. v. Premier Industrial Corp., 290 Ala. 179, 275 So.2d 124, that "the cause of action stated in the bill must be deemed to arise in contract, and not in tort"; that since Premier had not qualified to do business in Alabama, our courts were not available to it to prosecute its law suits; and that the non-competition contracts which Premier sought to enforce were void and unenforceable under the laws of this state and the unpleaded law of other states. The opinion of this court concluded:

"It is our conclusion therefore that the Chancellor erred in denying the motions of the appellants to dissolve the preliminary injunction for the reasons above set out.

"Accordingly the orders denying appellants' motions to dissolve the preliminary injunction are hereby reversed and the cause is remanded for entry of orders consonant with this opinion."

The judgment was reversed and the cause remanded with instructions.

On May 11, 1973, Premier filed an amended bill of complaint. On June 8, 1973, C & C filed demurrers, and Marlow filed demurrers and also filed a motion to dismiss on June 20, 1973. On July 23, 1973, the trial court sustained C & C's demurrer and dismissed as to it, and on July 24, Marlow's demurrer was sustained and his motion to dismiss was granted.

Premier contends that this cause was governed by the new Alabama Rules of Civil Procedure because the orders of dismissal occurred after July 3, 1973, the date ARCP became effective, and on that date demurrers had been abolished, Rule 7(c). We cannot agree.

■ Here, the bill of complaint had been amended, the demurrers and the motion to dismiss filed, all prior to July 3, 1973, and the only action remaining to be taken was the ruling of the court which came on July 23 and 24.

There is no statement in the record or claim in brief that it was suggested to the trial court that the new rules should apply. Rule 86 ARCP provides:

"These rules shall take effect six months from the date of their adoption by the Supreme Court of Alabama. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

In this case, it is evident that the "former procedure applies" and that the trial court did not abuse its discretion in applying the former procedure. See Phillips v. D & J Enterprises, 292 Ala. 31, 288 So.2d 137.

■ Premier again argues in brief that "it is not attempting to enforce any contracts. This is a tort action. * * *" This argument was rejected in the opinion on first appeal and on rehearing. We consider that question settled as of that time.

It is also argued that the bill, as amended, on second appeal differs substantially from the one on first appeal. The great majority of the paragraphs are identical. There are some minor variations as shown by the following examples. Paragraph 1 of the original bill alleged: "Premier is a diversified company doing business in each of the United States." The amended bill reads: "Premier is a diversified company in interstate commerce doing business in each of the United States." In two other paragraphs of the original bill, Premier charged that respondents attempted to "induce" or "procure" a breach of the "contract" or "contracts," while the amended bill charged interference with the "business relationship" between Premier and its agents. We see no legal difference because the business relationships were based upon the contracts sought to be enforced.

The only appreciable difference in the amended bill are paragraphs 7 and 8 of the latter. These two paragraphs contain allegations which are designed to induce a conclusion that Premier is engaged in interstate commerce in Alabama and not in intrastate commerce.

But paragraphs 5 and 6 of the original and the amended bill show that Premier's business in each of the United States includes "selecting, developing and marketing its products, advertising and promoting its name and various brand names and trademarks which it uses, in training and supervising its sales representatives and management personnel and providing unique assistance to its customers by supplying them with quality parts and supplies, developing sources of supply for customer needs and educating such customers in efficient methods of storage and inventory control * * *" and marketing "its products through independent sales agents who are assigned to specific marketing territories and who are carefully and exactingly selected, trained and equipped to provide quality sales and service * * *."

■ This court, on first appeal, determined from these allegations, that Premier was engaged in intrastate business in Alabama and we see no reason to alter that position on this appeal. That being so, it follows that we reach the same conclusion as we did on first appeal.

■ Premier argues that paragraphs 7 and 8 of the amended bill show it was engaged in interstate commerce. Assuming for the sake of argument that this contention has merit, the result is not changed. Paragraphs 7 and 8 do not describe "one who is employed as an agent, servant or employee," Tit. 9, § 23, but described an independent contractor.

If these "independent sales agents" are independent contractors, then the contract is not enforceable in Alabama because it is void. Tit. 9, § 22, Code 1940, provides:

"Every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent, void."

The only exceptions in §§ 23 and 24 pertinent here is "one who is employed as an agent, servant, or employee" and if these "independent sales agents" are independent contractors, the contract sought to be enforced is void.

In Odess v. Taylor, 282 Ala. 389, 211 So.2d 805, this court, in holding a non-competition contract void in Tit. 9, § 22, stated:

"For one to be an employee, the other party must retain the right to direct the

manner in which the business shall be done, as well as the result to be accomplished, or in other words, not only what shall be done, but how it shall be done. Weeks v. C. L. Dickert Lbr. Co., 270 Ala. 713, 121 So.2d 894."

Paragraphs 7 and 8 do not demonstrate any control of the independent agents. Under the allegations of intrastate or interstate commerce, the end result is the same.

■ Premier also argues that the bill should not have been dismissed but it should have been permitted to amend.

The original bill was amended before it came up on the first appeal. This court pointed out, among other things, that Premier had not qualified to do business in Alabama. Upon remand, Premier amended again, but did not qualify.

The record before us does not show that any application was made to amend after the trial court sustained the demurrers and dismissed the bill.

In Caudle v. Cotton, 234 Ala. 126, 173 So. 847, error was claimed because the bill in equity was dismissed without extending to complainant an opportunity to amend, and this court said:

" * * * there was no error in dismissing the bill, if the demurrer was properly sustained, and no application then made to amend the bill. If it was not at a setting of the equity docket, complainant might have moved to set aside the decree, and to be permitted to amend alleging that it was not at such a session. In that event, it could be shown in the record that it was not so. But the decree recites that it was in term time. We cannot disregard that recital.

"But complainant would fare no better if the presumption were not so indulged, assuming there was a proper hearing. We will, of course, treat as amended, for this purpose, all formal defects. Wood v. Burns, 222 Ala. 650, 133 So. 696; Dothan Oil Mill Co. v. Espy, 220 Ala. 605, 127 So. 178; Lake v. Sealy, 231 Ala. 466, 165 So. 399. But if a bill does not in any respect show an equitable right, it is not error to dismiss it ex mero motu, without provision for amendment. Elmore County v. Tallapoosa County, 222 Ala. 147, 131 So. 552; Birmingham Interurban Taxicab Service Corporation v. McLendon, 210 Ala. 525, 98 So. 578; Dailey v. Koepple, 164 Ala. 317, 51 So. 348."

In Alabama Lime & Stone Co. v. Adams, 222 Ala. 538, 133 So. 580, this court said:

" * * * The court is not willing to hold that a party complainant may by repeated amendments keep his case perpetually in court. * * * Appellant amended its bill without improving it * * * and the court was not bound to assume that further opportunity to amend would have produced a different result. There was, therefore, no error in dismissing the bill."

At no time has it been shown that Premier has qualified to do business in Alabama, and two appeals are a sufficient burden on the courts of this state to pursue its contract claims. Under the last two quoted cases, the trial court did not err in dismissing the bill.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.