**C & C PRODUCTS, INC.,
Plaintiff-Appellee,**

v.

**FIDELITY AND DEPOSIT CO. OF MARYLAND, Defendant and Third-Party Plaintiff-Appellant,**

**PREMIER INDUSTRIAL CORP.,
Third-Party Defendant-Appellant.**

**No. 74–4022
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 21, 1975.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Robert E. Moorer, Birmingham, Ala., for Fidelity & Deposit Co. of Md.

W. Eugene Rutledge, Birmingham, Ala., for Premier Ind. Corp.

Drayton Nabers, Jr., W. Stancil Starnes, Birmingham, Ala., for plaintiff-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

C & C Products, Inc. (C & C) initiated this diversity action against Fidelity and Deposit Co. (Fidelity), surety on two injunction bonds posted by C & C's competitor, Premier Industrial Corp. (Premier), to recover damages[1] allegedly incurred because of the wrongful suing out of an injunction by Premier. This present federal action follows multiple Alabama state court litigation pursued by Premier to enjoin C & C and its district sales manager, Roy A. Marlow, from pirating Premier sales agents who had signed employment contracts containing anticompetition clauses.

■ Initially Premier obtained injunctive relief from an Alabama district court. Appeal by C & C and Marlow resulted in dissolution of the injunction by the Alabama Supreme Court. That court cast Premier's cause of action in contract and held that Premier was not entitled to relief for breach of the noncompetition clauses in the agents' contracts since Premier had failed to qualify to do business in Alabama as required by state law. C & C Products, Inc. v. Premier Industrial Corp., 290 Ala. 179, 275 So.2d 124 (1972). On remand, Premier amended its complaint in an attempt to assert a tort claim and to more specifically allege that it was engaged solely in interstate commerce and, therefore, not subject to Alabama corporate qualification requirements. The Alabama district court dismissed. On Premier's ensuing appeal, the Alabama Supreme Court held that the tort versus contract nature of the alleged wrong had been settled by its earlier decision, and that even if Premier was engaged in interstate rather than intrastate commerce, the agents' contracts were not enforceable since the agents occupied independent contractor status under Alabama law.[2] Premier Industrial Corp. v. Marlow, 292 Ala. 407, 295 So.2d 396, cert. denied, 419 U.S.1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974).

When C & C brought the instant federal court action, Fidelity immediately filed a third-party complaint against Premier to recoup any loss to Fidelity occasioned by Premier's wrongful suing out of the injunction. Apparently undaunted by its state court rebuffs, Premier renewed its assault against C & C by filing a cross-complaint based upon the same grounds asserted in the two state court actions, but this time couched in terms of a *conspiracy* to induce Premier sales agents to breach their contracts. On grounds of res judicata, the federal district court granted summary judgment for C & C on Premier's claim, citing the two Alabama Supreme Court cases, and against Fidelity on the issue of its liability on the injunction bonds. The lone remaining issue, amount of damages, was tried to a jury which awarded C & C 16,326.06 dollars. We affirm each of these actions.

■ Premier's appeal principally pursues a two-pronged attack upon the district court's res judicata holding. First, Premier contends that the present action is in tort rather than contract, and, therefore, not a relitigation of the contract complaints sued upon in state court. Our consideration of this point is controlled by the United States Supreme Court's holding in Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947), that: "an adjudication bars future litigation between the same parties not only as to all issues actually raised and decided but also as to those which could have been raised." *Id.* at 186, 67

---

1. C & C seeks to recover only attorneys' fees and related expenses.

2. Under Alabama law no agreement limiting competition is valid between an independent contractor and the entity for which it performs. See Ala.Code Ann. Tit. 9, §§ 22 and 23 (1958). *See also* Odess v. Taylor, 282 Ala. 389, 211 So.2d 805 (1968).

S.Ct. at 659. *Angel* compels affirmance of the district court's reasoning that: "[a]ny consideration of the present claim asserted by Premier would amount to a relitigation of matters considered by, or which could have been considered by the Alabama state courts," and as such is barred by the doctrine of res judicata.

■ Second, Premier asserts that the state court decisions do not bar the present claim since they involved jurisdictional findings only. To the contrary, the Alabama Supreme Court's decision in C & C Products, Inc. v. Premier Industrial Corp., 290 Ala. 179, 275 So.2d 124 (1972), that since Premier failed to qualify to do business the contracts at issue between it and its sales agents were null and void under Alabama law [Ala.Code Ann. Tit. 51, § 345 (1961)], was squarely a decision on the merits.

■ Premier also asserts that the district court erred in refusing to admit evidence or permit discussion concerning C & C's violation of the injunction as a defense to its motion for summary judgment against Fidelity on the issue of liability. Here Premier suggests that we employ equity's "clean hands" doctrine in those actions seeking recovery of damages suffered under an injunction subsequently dissolved. Our holding that no such defense may be asserted is mandated by Ex parte Hacker, 250 Ala. 64, 33 So.2d 324 (1947), where the court stated: "It· is the generally accepted rule that a defendant in an injunction proceeding may not be held liable as for a civil contempt for the violation of the terms of the injunction which is thereafter reviewed, dissolved, or otherwise terminated." *See also* United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947). Thus Premier's complaint would only be proper in a criminal contempt proceeding, not as a defense to a suit for damages (thus in the nature of a civil contempt charge)

resulting from the wrongful suing out of the injunction allegedly violated.

■ Finally, Premier contends that in the trial on the damage issue the court erred in admitting, over Premier's objection, C & C's Exhibit No. 11, which contained a listing of the time consumed by C & C's attorneys in securing dissolution of the state court injunction, and that the court improperly instructed the jury on allowable recovery for time spent by the attorneys. Premier complains that Exhibit No. 11 is inadmissible since it is based on hearsay and created solely for trial use. The appellate test for trial court error turns upon whether the trial court abused its discretion in admitting the exhibit. Reyes v. Wyeth Laboratories, 498 F.2d 1264, 1287 (5th Cir. 1974); Dallas Cty. v. Commercial Union Assurance Corp., 286 F.2d 388, 395–98 (5th Cir. 1961). In the context of this trial no such abuse is demonstrated. Exhibit 11 was merely a pictorial recapitulation of testimony proffered by C & C attorneys who worked on the case. It merely collated facts revealed on invoices previously introduced indicating time spent.

■ Premier also asserts that the court erred in instructing the jury that they should consider "the actual hours of work involved" rather than "the time reasonably necessary to be consumed in the work." While Premier is correct in pointing out that recovery for the time spent is limited by a determination of "reasonableness," error can only be demonstrated from a reading of the entire charge. Lyle v. R. N. Adams Constr. Co., 402 F.2d 323, 327 (5th Cir. 1968). Such a review demonstrates that the jury was adequately directed to compensate C & C only for that portion of the attorney's time that was in fact reasonable under all of the circumstances brought out at trial.[3]

Affirmed.

---

3. The charge repeatedly uses the qualifying adjective "reasonable" in describing recoverable attorneys' fees. It instructs the jury to compensate only for the "reasonable value of the reasonable services which were rendered by attorneys for the plaintiff." It admonishes that the jury should consider the opinion of other lawyers concerning the "reasonableness or unreasonableness" of the service rendered. Finally, it directs that the ultimate issue for their determination is the reasonableness of the charges for services rendered.