MOORE,, Chief Justice
(dissenting).
Because I believe that material issues of fact are evident in the record of this ease, I dissent from affirming the trial court’s summary judgment in favor of defendant Brenda Russell a/k/a Brenda Corrigan.

I.Facts and Procedural History

Richard Cowden and Gail Cowden, owners of the Santa Fe Day Spa, LLC' (“Santa Fe”), hired Corrigan as a hair stylist in June 2005. She signed a “Non-compete Contract” (“the contract”) in which she agreed not to work in the same business as the spa within a five-mile radius for one year after the termination of her employment. In October 2009 Corrigan left the Santa Fe Day Spa tó work for RL Salon, a business located within two miles of the Santa Fe Day Spa. Santa Fe sued Corri-gan seeking liquidated damages of six months of salary and alleging that Corri-gan had violated the contract, including converting proprietary customer information, and that she had intentionally interfered with Sánta Fe’s business relationship with its customers. The trial court entered a summary judgment for Corrigan, its only reasoning being the conclusory statement that “[Santa Fe] has not met its evidentiary burden.”

II.Standard of Review

In reviewing a summary judgment, we apply the same standard as did the trial court: Did Corrigan demonstrate the absence of a genuine issue of material fact and, if so, is she entitled to judgment as a matter of law? Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004).

III.Analysis

Section 8-1-1, Ala.Code 1975, generally prohibits contracts restraining trade with certain exceptions:
“(a) Every contract by which anyone is restrained from exercising a lawful profession, trade, or business of any kind otherwise than is provided by this section is to that extent void.
“(b) ... [0]ne who is employed as an agent, servant or employee may agree with his employer to refrain from carry *168 ing on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city, or part thereof so long as the ... employer carries on a like business therein.”
Section 8-1-1 does not apply to independent contractors. Premier Indus. Corp. v. Marlow, 292 Ala. 407, 411, 295 So.2d 396, 399 (1974). The definition of an “independent contractor” is one whose work is not controlled by the employer. “ ‘For one to be an employee, the other party must retain the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or in other words, not only what shall be done, but how it shall be done.’ ” 292 Ala. at 411-12, 295 So.2d at 399 (quoting Odess v. Taylor, 282 Ala. 389, 396, 211 So.2d 805, 811 (1968)).
Because evidence in the record indicates that Santa Fe trained and instructed Cor-rigan as to how to work with its customers, whether Corrigan is characterized as an employee or an independent contractor is an issue of fact unsuitable for resolution at the summary-judgment stage. Evidence indicating that Corrigan was an independent contractor is that she was paid on a commission basis and that she received an IRS 1099 form, as opposed to a W-2 form. Other evidence indicating that she functioned as an employee of Santa Fe is that she was expected to work regular business days and hours and that all the equipment she used belonged to Santa Fe. Because all factual inferences are to be drawn in favor of the nonmovant, here Santa Fe, on a motion for a summary judgment, the issue whether Corrigan was an independent contractor is one for a jury to determine under proper instructions.
In my view, Santa Fe also presented substantial evidence showing that Corri-gan had converted proprietary customer information. According to the affidavit of Richard Cowden, a security camera recorded Corrigan printing out Santa Fe’s entire customer list and leaving the premises with it. Also, 60% of the calls listed in Corrigan’s cellular-telephone records in the two months after the termination of her employment were to or from Santa Fe customers. In the six weeks after the termination of her employment, 34 of her 59 pre-booked appointments at Santa Fe canceled or did not show. Corrigan claims that the customer information was not confidential because hair stylists kept “jump journals” with customer names and styling preferences. But although these journals recorded customers’ names and their styling and product preferences, the journals did not, according to evidence in the record, contain telephone and address information. These facts create a reasonable inference, as stated in Cowden’s affidavit, that Corrigan was “soliciting clients from information [she had] obtained or gleaned from Santa Fe Day Spa business records.” See Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349,1350 (Ala.1994) (noting that, in evaluating a motion for a summary judgment, “the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party”).
At a minimum, genuine issues of fact exist as to whether Santa Fe’s customer information was confidential and whether Corrigan improperly appropriated it.

IV. Conclusion

Because “[credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge,” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d “202 (1986), I dissent from the no- *169 opinion affirmance of the trial court’s summary judgment in favor of Corrigan.