211 So.2d 795

**Mary FRETWELL**

**v.**

**Helen FRETWELL, a Minor.**

**3 Div. 336.**

Supreme Court of Alabama.

June 13, 1968.

Wilters & Brantley, Bay Minette, for appellant.

Hugh M. Caffey, Jr., Brewton, for appellee.

KOHN, Justice.

The appellant, Mary Fretwell, filed a petition in the probate court of Escambia County, Alabama, alleging that she is the widow of Artis W. Fretwell, deceased; that he died. intestate on the 18th day of February, 1967. That the next of kin of Artis Fretwell are the appellant, his father and brothers and sisters. In her petition, appellant showed that Artis Fretwell owned an undivided one-half interest in Lots 28, 29 and 30 of Block E, East Land Addition to the City of Atmore. That this was all of the real estate owned by him at the time of his death. That it was his homestead and was worth less than $6,000, and less in area than 160 acres. Appellant prayed in her petition that this real property be set aside to her as a homestead in fee simple.

The probate judge, upon the filing of said petition, appointed appraisers, and issued a commission to them. The appraisers appraised the property described in the appellant's petition and found that the property set out in the petition was all of the real property owned in this state by the decedent at the time of his death, and that it was not greater in value than $6,000. They set the property apart as a homestead to Mary Fretwell and vested the title in her absolutely.

Upon the filing of the commissioners' report, the court entered an order setting a day for the filing of exceptions to this report and ordered that notice be given the next of kin of Artis W. Fretwell.

The day set for the filing of exceptions was continued from time to time and the matter was set for a final hearing on August 3, 1967.

The probate court entered a final decree and this decree denied the appellant's petition in so far as it related to the setting aside of a homestead, saying that Artis Fretwell and Mary Fretwell owned other property jointly with a right of survivorship.

A motion was made to set aside the court's final decree because it was prematurely issued. This motion was granted, and is no issue here.

The matter was then submitted to the court upon the verified petition of appellant, appointment of appraisers and commissioners, their report, the court's order upon the commissioners' report, and decree pro confesso against all the next of kin of Artis Fretwell except Helen Fretwell, a minor. On behalf of Helen Fretwell, this matter was submitted upon her answer filed by guardian ad litem.

The court entered a final decree again denying the appellant's petition in so far as it related to the setting aside of the homestead. In this final decree the court held as follows:

"5. The Court finds that Artis Fretwell owned land other than that described in the Bill of Complaint at the time of his death; that he owned this property jointly wih a right of survivorship with his wife, Mary Fretwell."

This is the only reference in the transcript of testimony to any other land owned by

the deceased at the time of his death. The only testimony, as shown by the record, concerning land owned by the deceased was that referred to in the commissioners' report.

 A decree or judgment has been defined as the conclusions of the law upon matters contained in the record. 30A Am. Jur. 159. Here, we find no trace of any evidence that may sustain the court's conclusions. No evidence exists in the record disclosing that the deceased owned land, other than as described in the sworn petition and in the commissioners' report. This court cannot consider any matters outside the record, and the trial court's rulings must be judged by facts which are disclosed by the record. Wells v. Wright, 219 Ala. 261, 122 So. 167; Scroggins v. Alabama Gas Corporation, 275 Ala. 650, 158 So.2d 90. We find nothing disclosing that there was before the lower court any evidence that might have influenced it in arriving at its finding of fact, and which is not before us as would bring this appeal within the principle of Mason v. Mason, 276 Ala. 265, 160 So.2d 881, wherein it was said:

> " * * * It is a well-established rule that 'we cannot disturb a finding of fact by a trial court where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us.' * * * "

In Mason v. Mason, supra, the record disclosed that the trial judge had other evidence before him upon which he based his decree. Here, there is not one scintilla of evidence that there was any evidence before the trial court which could possibly be the basis of the court's conclusion in its decree as regards the amount and value of the real estate being more or in excess than as disclosed by the record.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.