218 So.2d 138

**Mary FRETWELL**

v.

**Helen FRETWELL, a Minor.**

3 Div. 379.

Supreme Court of Alabama.

Jan. 16, 1969.

———◆———

Wilters & Brantley, Bay Minette, for appellant.

Hugh M. Caffey, Jr., Brewton, for appellee.

MERRILL, Justice.

This appeal is from a decree of the probate court denying a widow's petition that a one-half interest in certain lands owned by her husband at his death be set aside to her as a homestead under the provisions of Tit. 7, § 661, Code 1940, as amended.

The sole reason for the denial of the petition was that there was other property the deceased husband owned with his wife, by joint deed with right of survivorship, at the time of his death.

The petition showed the jurisdictional facts, appraisers were appointed and they set the property aside to the widow. The probate court entered a decree denying the relief and the cause was appealed to this court, but the point in question could not be decided because of the inadequacy of evidence in the record, and the decree was reversed and the cause remanded, Fretwell v. Fretwell, 282 Ala. 377, 211 So.2d 795. On remandment the proper evidence was included, the court again denied the petition, and this appeal followed.

In its decree the probate court found: (1) that the property sought to be set aside as a homestead, a one-half interest in Lots 28, 29, and 30 of Block E, East Land Addition to the City of Atmore, was in fact the homestead of Mary Fretwell and Artis Fretwell; (2) that Artis Fretwell left no children surviving him; (3) that Mary Fretwell was the wife of Artis Fretwell at the time of his death and was a resident of Escambia County, Alabama; (4) that the value and size of the real estate sought to be set aside is less than 160 acres and is valued at less than $6,000; (5) that the personal property owned by Artis Fretwell at the time of his death had a value of no more than $750; and (6) that Artis Fretwell owned land other than that described in the petition at the time of his death and he owned this property jointly with a right of survivorship with his wife. The decree concluded:

"It is therefore ORDERED, ADJUDGED and DECREED that the petition of Mary Fretwell be allowed in so far as it relates to the personal property; and that personal property that is set out in her petition is set aside to her absolutely.

"It is further ORDERED, ADJUDGED and DECREED that the report of the Commissioners heretofore filed in this cause, be denied in so far as it relates to real property because, as heretofore set out, the Court finds that the property Artis Fretwell owned with his wife, by joint deed with right of survivorship, was owned by him at the time of his death."

The applicable statute is Tit. 7, § 697, Code 1940, as amended, which provides in pertinent part: " * * * If all the real property *left* by the decedent in this state does not exceed in area and value the homestead allowed by law as exempt, title to all such real property shall vest absolutely in the widow, the children (minors and adults) and the descendants of deceased children; * * *." (Emphasis supplied.)

Thus, the question presented is whether the real estate described in the survivorship deed was *left* by the decedent. We hold that it was not, and that it was not subject to administration or orders of the probate court in homestead proceedings.

Title 47, § 19, Code 1940, as amended, provides:

"When one joint tenant dies before the severance, his interest does not survive to the other joint tenants, but descends and vests as if his interest had been severed and ascertained, provided, however, that in the event it is stated in the instrument creating such tenancy, that such tenancy is with right of survivorship, or other words used therein showing such intention, then upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument. This shall include those instruments of conveyance in which the grantor conveys to himself and one or more other persons, and in which instruments it clearly appears that the intent is to create such a survivorship between joint tenants as is herein contemplated."

In Bernhard v. Bernhard, 278 Ala. 240, 177 So.2d 565, we construed the statute and said:

" * * * At common law for joint tenancy to exist the four unities of time, title, interest and possession had to be present at the creation of the estate and

any event which destroyed one of the unities destroyed the estate. Each tenant was seized per my et per tout, i. e., each owned one half, while at the same time, he owned the whole. Walthall v. Goree, 36 Ala. 728; 48 C. J. 808, 70 C.J.S. 449. There were no cross contingent remainders. The death of the first tenant simply removed the impediment to a complete title in the survivor. The survivor had owned the whole as well as the half by virtue of the instrument itself. He actually took nothing by 'survivorship'.

"Did the legislature intend that this estate could be created by the parties voluntarily by express language in the instrument? Or did they intend to provide for a means of adding the survivorship incident to some different estate?

"We must give effect to the intention of the parties as determined from the language which they use in the deed. What estate was created? It is our opinion that the parties here involved intended to create and did create a tenancy in common during the joint lives of the tenants with right of survivorship in the survivor. They carefully said that if neither survived the other, then in that event their property was to descend as if held by them as tenants in common. Such we think is consistent with the intentions of the legislature as expressed in the above quoted statute. Survivorship is allowed, if expressed, as an incident to the estate of tenancy in common. Each does not own the whole, while at the same time owning the half. Rather, each owns an undivided one-half interest in the property for life, plus the right to own the unencumbered whole if he survives his co-tenant."

Other courts have held that a surviving joint tenant becomes the absolute owner of the property held in joint tenancy upon the death of the cotenant, free of the claims of the heirs, because the survivor does not acquire title through the deceased but by virtue of the deed. Irvine v. Helvering, 8th Cir., 99 F.2d 265; Awtrey's Estate v. Commissioner of Internal Revenue, 8th Cir., 221 F.2d 749; Wood v. Logue, 167 Iowa 436, 149 N.W. 613.

Under these authorities, the property described in the joint deed with survivorship became the property of the widow, Mary Fretwell, and the only property "left" by the decedent at the time of his death was the one-half interest in the property described in the petition for homestead exemption.

It follows that the probate court erred in failing to set this property aside as a homestead in the widow with title vesting in her absolutely.

The decree is reversed and the cause remanded with directions to the probate court to enter a decree in accordance with this opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.