220 So.2d 891

**Paul WHITEPORT**

v.

**Mary Ann WHITEPORT.**

7 Div. 773.

Supreme Court of Alabama.

March 13, 1969.

Rehearing Denied April 10, 1969.

Geo. D. Finley, Birmingham, for appellant.

Roy D. McCord and Rowan S. Bone, Gadsden, for appellee.

———◆———

MERRILL, Justice.

The question in this case is whether the trial court erred in awarding the custody of

three children, aged 7, 4 and 3 years, to their mother instead of their father, the appellant here.

In 1964, appellant filed a bill of complaint for divorce against his wife, charging her with adultery. The wife, by motion, removed the question of the custody to the Juvenile Court. A few days later, the wife's mother, intervenor Minnie Harris, filed a petition to intervene, stating that neither the husband nor the wife was "at that time entitled to have custody of said children," and the Juvenile Court granted to Mrs. Harris the temporary custody of the children. The wife filed a cross bill in the divorce suit, seeking a divorce on the ground of cruelty and, on April 20, 1965, the parties were divorced on the wife's charge of cruelty with no mention of custody.

Later the wife, the husband and the maternal grandmother, with whom the children were living, petitioned the circuit court, in equity, for custody of the children, and after a hearing, the court, on January 10, 1967, decreed:

"1. That the care, custody and control of the minor children of the parties, to-wit: Sue Lynn Whiteport, Paula Whiteport and Ronald Whiteport, is hereby awarded to the Defendant, Mary Ann Whiteport, so long as said children are kept at the home of their maternal grandparents, A. J. Harris and Minnie V. Harris, and the Plaintiff, Paul Whiteport, is given custody of said minor children on alternate weekends between the hours of 9:00 a. m. on Saturday and 5:00 p. m. on Sunday, beginning January 14, 1967, and on alternate weekends thereafter pending further orders of this Court; the Defendant, Mary Ann Whiteport, is hereby ordered and directed to be responsible for the delivery of said minor children to the home of the Plaintiff at 9:00 a. m. on Saturdays and the Plaintiff, Paul Whiteport, is ordered and directed to deliver said minor children to the home of the maternal grandparents at 5:00 p. m. on Sundays each alternate weekend after having had custody of said minor children; and the Plaintiff shall further have custody of said minor children for a period of one month during the summer months, said custody to begin on July 1st and end on July 31st of each year.

"2. The Plaintiff, Paul Whiteport, is hereby ordered and directed to pay to the Defendant, Mary Ann Whiteport, the sum of $25.00 per week as support for said minor children, said support to be paid to Mary Nell Thornton, Register of the Circuit Court of Etowah County, Alabama, in Equity, beginning January 16, 1967, and a like sum on Monday of each week thereafter, save and except the month of July when the Plaintiff has care, custody and control of said minor children."

A petition for rehearing was set for hearing and denied without modification on February 3, 1967.

The appeal purports to be from the decrees of January 10 and February 3, 1967. A decree or order denying an application for rehearing in equity which does not modify the original decree will not support an appeal, Equity Rule 62, Code 1940; nor is such a decree subject to review on assignments of error on appeal from the final decree. Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797; Sylvester v. Strickland, 278 Ala. 278, 177 So.2d 905. The decree of February 3 is not before us, and we do not consider appellant's assignment of error 5, which charges that the court erred in denying appellant's application for rehearing.

We now refer to assignments of error relating to the decree of January 10. Assignments 1 and 7 charge that the court erred in holding in its decree that Minnie Harris, the maternal grandmother, was a fit and suitable person to have the custody of the children; assignment 2 charges error in holding that the mother "was sufficiently rehabilitated morally to have the custody of said children"; and assignment 3 charges error in the holding that the father

was not a fit and suitable person to have the custody of his children.

There was no such finding or holding in the decree of January 10. We have already quoted the material parts of that decree and it is silent as to the matters urged in the listed assignments of error.

Assignment 4 charges error in awarding $25.00 per week for the support of the children. Much discretion is left with the trial court in the settlement of visitation rights, lengths of custody in each parent when that custody is divided between the parents, and the amount to be paid for the support of the children. We cannot say that the trial court abused that discretion. Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772; Ruckman v. Ruckman, 274 Ala. 266, 147 So.2d 816.

We cannot say that the trial court, under the evidence, abused its discretion by awarding the custody of the children to their mother, the subject and charge of assignment of error 6.

No reversible error having been argued in brief, the decree is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.