228 So.2d 15

Grover B. PAYNE, Jr.

v.

Celeste A. PAYNE.

7 Div. 859.

Supreme Court of Alabama.

Nov. 7, 1969.

Robert J. Hooton, Hooton & Hooton, Roanoke, for appellant.

Sam H. Hamner, Anniston, for appellee.

MADDOX, Justice.

The appellant, Grover B. Payne, Jr., was the complainant in the trial court. He filed an action in equity against his ex-wife, Celeste A. Payne, and others, asking that the trial court set aside a deed of conveyance executed by him which transferred to his former wife property in Calhoun County known as the Annistonian Motel. He also sought to set aside other conveyances, including a deed from Celeste A. Payne to third parties, and mortgages given as security. Appellant contends that his ex-wife exercised undue influence upon him at a time when she was the dominant party in a confidential relationship and during a period when he was ill. The trial court heard the testimony ore tenus, and after consideration, entered a final decree dismissing the complaint because:

"* * * the complainant has failed to prove any of the material allegations of his Bill of Complaint and that the relief prayed for therein should be denied. * * *"

The main thrust of the appellant's argued assignments of error is that he proved

undue influence and the trial court erred in not making such a finding and setting aside the conveyance he had made to his ex-wife, and the conveyance she had subsequently made to third parties.

We will not set out all the evidence. Briefly, the testimony shows that the appellant and appellee had been married for several years, that the wife had started divorce proceedings on several occasions, and that she had finally secured a divorce shortly after the transaction in question. Appellant purchased the Annistonian Motel in December, 1964, for $50,000.00. He paid $10,000.00 in cash and gave two separate notes for the remainder. He made certain improvements on the property and was operating the motel in 1966 when he was hospitalized for alcoholism, once in April and once in May. In November, 1966, he was hospitalized at Bryce in Tuscaloosa for 18 days. The conveyance here sought to be set aside was executed on September 19, 1966, at a time when appellant claims that he had a severe drinking problem and during a time when he and his ex-wife occupied a confidential relationship in which she was the dominant party.

 Under the provisions of Code of Alabama, Title 34, § 74, contracts between a husband and wife are subject to the rules of law as to contracts by and between persons standing in confidential relations, but the husband is presumed to be the dominant of the two parties. The presumption is rebuttable, and in cases where the evidence is sufficient to rebut this presumption, and to show undue influence exercised by the wife against the husband, courts of equity will intervene to protect against such undue influence. Barnett v. Barnett, 262 Ala. 655, 80 So.2d 626 (1955).

The evidence was ore tenus and every presumption will be indulged in favor of the trial court's findings of fact which will not be disturbed unless palpably wrong. Deese v. Odom, 283 Ala. 420, 218 So.2d

134 (1969); State v. Matthews Electric Supply Co., 284 Ala. 9, 221 So.2d 126 (1969).

The trial court heard the evidence and saw the witnesses and a complete examination of the record fails to show that his findings of fact are either palpably wrong or unjust. The judgment of the trial court is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL, and HARWOOD, JJ., concur.