269 So.2d 914

**Hilton H. ALLEN**

v.

**Elnora J. ALLEN.**

**Civ. 17.**

Court of Civil Appeals of Alabama.

Nov. 22, 1972.

E. E. Ball, Bay Minette, for appellee.

Wilters & Brantley, Bay Minette, for appellant.

WRIGHT, Presiding Judge.

This matter began by Bill of Complaint for separate maintenance by Elnora J. Allen against Hilton H. Allen. Submission was had upon answer and waiver and the oral deposition of the plaintiff. Decree of separate maintenance was rendered on June 15, 1971. On February 7, 1972, bill of complaint for divorce was filed by Mrs. Allen requesting as gross alimony all of the real estate jointly owned by the parties. Answer and cross-complaint for divorce and sale of the real property for division was filed by Mr. Allen.

Testimony ore tenus was heard by the court on bill and cross-bill on April 17, 1972. Final decree was rendered by the

court on April 18, 1972. By the decree a divorce was granted to Mrs. Allen, and the real property was divided between the parties roughly in halves by acreage, the wife being given the home place. On May 2, 1972, Mrs. Allen filed a motion for rehearing alleging therein that by its decree the court had divided the only income producing acreage which was under lease as a unit. Thus the wife would be deprived of her main source of income by the division. It was further alleged in the motion that the court had previously indicated that the income producing property was to be given in the decree to Mrs. Allen.

The motion for rehearing was set for hearing. Upon hearing, the court on May 12, 1972, modified its original decree and entered a decree granting to Mrs. Allen an additional 20 acres of land which had previously been given to Mr. Allen.

On June 26, 1972, Mr. Allen filed notice of appeal from the decree rendered on May 12, 1972. This was the decree granting the rehearing and modifying the original decree of divorce. The certificate of appeal states the appeal is from the decree on rehearing. Thus the only matter for our review on this appeal is the decree granting the rehearing and modifying the original decree.

■ The original decree not having been appealed from, its propriety or any error committed by the court in entering the same is not available for our consideration on this appeal. Schuler v. Nelson Weaver Companies, 270 Ala. 727, 121 So. 2d 908; Central of Ga. Railway Co. v. Burton, 277 Ala. 377, 170 So.2d 812.

This is an unusual occurrence, in that the original decree was entered in favor of the plaintiff below and motion for rehearing was filed by the plaintiff seeking additional relief. Such rehearing was granted and the original decree modified to give the relief requested on motion for rehearing. Such modification apparently occurred solely upon the averments of the motion and argument of counsel without additional testimony. The hearing on the motion and the entry of the modification or in reality the amendment of the original decree all occurred in the thirty days in which the original decree was in the breast of the court under Equity Rule 65.

The effect of this appeal from the decree of May 12, 1972, is not to complain of or attack the provisions of the original final decree of April 18, 1972, but only to complain of the additional relief granted to appellee by the last decree.

The assignments of error of appellant do not in fact charge error in the decree of May 12, 1972 but are directed to the matters previously involved in the original decree. Those assignments are as follows:

"1. The Court's Decree is contrary to the evidence in this case.

2. The Court's Decree is contrary to the law in this case.

3. The Appellant and Appellee own the property involved in this litigation jointly with a right of survivorship. The Court erred in not making an equitable division of this property.

4. The Court erred in dividing the property of the Appellant and Appellee without first determining the value of the property so divided.

5. The testimony shows that the earning capacity, ages and needs of the Appellant and Appellee are virtually equal and the Court erred in not giving the Appellant an equal share of the property jointly owned by them."

■ The first two assignments are insufficient for consideration under Rule 1, Supreme Court Rules. Bertolla v. Kaiser, 267 Ala. 435, 103 So.2d 736; Carter v. Alman, 46 Ala.App. 633, 247 So.2d 676. Assignments of error that the decree is contrary to the evidence and contrary to the law are too general and present nothing for review. Jones v. Wise, 282 Ala. 707, 213 So.2d 914; McClinton v. McClinton, 287 Ala. 492, 252 So.2d 645.

Assignments of error 3 and 5 are too general and are merely in the form of conclusions. They are directed at the original decree of divorce and not to the modified decree. Even if the appeal were from the original decree, our examination of the evidence does not disclose that the decree was not equitable. There is no requirement that a division of property in a divorce decree be divided into equal shares, even though the property be owned jointly. From aught that appears the decree involved not only a division of jointly owned property, but also included an additional award to the wife for alimony in gross. Such award is a matter addressed to the discretion of the court subject only to review for abuse. Our review of the evidence does not indicate such abuse or that the decree is palpably wrong.

Assignment of error 4 is also general and does not charge any error committed by the court. It is further directed to the original decree which is not before us on this appeal. The parties had the burden of producing evidence relating to all issues and matters presented by the pleadings. If the parties failed to provide full and complete evidence with which to fully inform the court on all matters, the sparsity of such evidence may not be charged as error to the court. It is only when there is no evidence to support the decree of the court that this court will set the decree aside on appeal. Orton v. Gay, 285 Ala. 270, 231 So.2d 305.

Though there is no evidence of value of the tracts of land given by the decree to each party, there is evidence as to area, use and income production. In the absence of any evidence to the contrary, we must exercise the presumption that the decree is correct and not palpably wrong. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308; Payne v. Payne, 284 Ala. 699, 228 So.2d 15.

Affirmed.

BRADLEY and HOLMES, JJ., concur.