293 So.2d 856

**Anna Lee Cline TYLER**

v.

**James Patton TYLER.**

**Civ. 291.**

Court of Civil Appeals of Alabama.

April 24, 1974.

Maury D. Smith and George H. B. Mathews, Montgomery, for appellant.

Benjamin E. Pool, Montgomery, for appellee.

WRIGHT, Presiding Judge.

This action for divorce was brought by the husband. After hearing the testimony of the parties and their witnesses in chambers, the Circuit Court of Montgomery County, Domestic Relations Division, rendered its decree divorcing the parties because of incompatibility. The decree gave to the wife $3722, representing a one-half interest in various savings accounts in the husband's individual name; $150 per month as alimony and support for a period of two years subject to termination upon her death or remarriage; all of their household furnishings; and $1000 for attorney's fees and costs. The husband was also ordered to designate the wife as sole beneficiary of a $13,000 life insurance policy and to pay all future premiums thereon.

The wife appeals complaining that the court abused its discretion in not granting her greater benefits.

The amount of alimony to be fixed pursuant to a divorce is within the sound discretion of the trial court. The decree is also presumed to be correct, where the testimony was taken orally before the court, and this presumption is overcome only where the appellate court determines from an examination of all the evidence that the decree is contrary to and

unsupported by the evidence. Hallman v. Hallman, 51 Ala.App. 460, 286 So.2d 863.

Each case must be determined upon its own relevant facts in light of what is fair and reasonable to both parties with the following factors appropriate for consideration: the earning capacity and future prospects of the parties; their ages, sex, health and station in life; how long they were married; whether there are children to support; and the conduct of the parties with reference to the cause of divorce. Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71; Davis v. Davis, 274 Ala. 277, 147 So.2d 828.

We have carefully reviewed the record with these factors in mind and find that the wife is a tenured school teacher with a take-home salary of $665 per month. She has contributed to a teacher retirement fund for five years and could purchase an additional ten years credit for $6000, after which she could receive $250 per month at age 65. She is in good health and expects to teach until retirement.

The husband receives $598 net pay per month from Army retirement and his gross income from employment with the American National Red Cross for 1972 was $10,464. He contributes to a retirement fund with the Red Cross from which he will receive an additional pension upon retirement.

The parties were married for thirty-one years; all four of their children are over the age of twenty-one, and they own no property other than automobiles and household furnishings.

Although there is a disparity between the incomes of the parties, we do not think that this renders the award to the wife unjust. Mrs. Tyler testified that she was able to support herself. In addition, there is considerable evidence indicating that she contributed substantially to the breakdown of the marriage, and the court may properly consider such conduct as limiting the

wife's claim to alimony. Owens v. Owens, 281 Ala. 239, 201 So.2d 396; Pope v. Pope, 268 Ala. 513, 109 So.2d 521; McGregor v. McGregor, 257 Ala. 232, 58 So.2d 457.

After carefully studying the evidence and arguments in light of the presumptions favoring the decree, we are unable to say that there has been an abuse of discretion.

The decree of the trial court is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.