298 So.2d 611

**Ernestine Lewis REID**

v.

**Ottis Troy REID.**

**Civ. 318.**

Court of Civil Appeals of Alabama.

July 31, 1974.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

**190**

Jones & Landrum, Birmingham, for appellee.

HOLMES, Judge.

This is an appeal from a division of property as provided in a decree of divorce after a hearing *ore tenus*.

The appellant-wife filed suit for divorce on the grounds of physical cruelty and incompatibility of temperament. Additionally, she sought custody of the parties' one minor child, alimony, child support and a division of property.

The record reveals the following pertinent information. The parties were married in 1947 and separated in 1973; three children were born of the union, only one being a minor at the time of the divorce proceeding; the appellee-husband was fifty-three years of age, gainfully employed, and the wife was forty-one, working part-

time. Furthermore, the parties had accumulated the following personal and real property:

116 acres of land (originally inherited by the wife, but improved by the husband. Additionally, the husband paid an existing indebtedness on this land);

38 acres of land upon which the homeplace is situated;

60 acres of land purchased by the parties;

3 vehicles.

The record is clear that the parties' marriage was and had been for some time an unpleasant one, characterized by bickering, intemperate use of alcohol and some physical abuse. The trial court, as he expressed himself in his decree, was of the opinion that the wife was largely responsible for the breakdown in the marriage.

Based upon the above, the trial court, in pertinent part of its decree, awarded the 116 acre tract to the wife, ordered the 60 acre tract sold and awarded each party one-half of the sale proceeds, and awarded the 38 acre tract along with the homeplace to the appellee-husband. The parties were allowed to retain the respective vehicles in their possession at the time of trial. The wife was awarded custody of the child and appellee-husband was ordered to pay the sum of $50 per week child support. The wife was apparently allowed to retain a savings account in excess of $8,000 and a checking account in the amount of $1,300. Furthermore, the court granted the divorce on the ground of incompatibility of temperament.

Distinguished counsel for the appellant-wife ably contends by argued assignments of error that the trial court erred to reversal in the division of property. We cannot agree even though the trial court's judgment may not necessarily be the same as this court's.

There was some testimony regarding the relative values of the various properties.

The wife testified the home was worth $25,000 and the 37 acres surrounding the homeplace was of value of $1,000 per acre. The husband testified the 116 acre tract was worth $400 per acre. Additionally, timber was cut off the large tract and returned some $9,500. There was no direct testimony as to the value of the 60 acre tract; however, the husband's testimony as to the value of the 116 acre tract can be viewed as including the 60 acre tract. That is to say, the 60 acre tract was also worth $400 per acre.

 As this court has stated, a division of an estate in a divorce proceeding is an adjustment of property rights and equities between the parties as shall seem just by the trial court. Such a division does not require an equal division of the estate, but one graduated according to the nature of the case. See Horsley v. Horsley, 50 Ala.App. 445, 280 So.2d 150; Lovett v. Lovett, 11 Ala. 763; Pope v. Pope, 268 Ala. 513, 109 So.2d 521; 27B C.J.S. Divorce § 291(1); 8 Ala.Dig., Divorce, ☞252.

The above principle of law must be read in conjunction with the additional principle of law that on appeal we view a decree rendered after a hearing *ore tenus* as if it were a jury verdict, and will reverse such decree only if, after considering all the evidence, we conclude that it is clearly and palpably wrong. Body v. Body, 47 Ala.App. 443, 256 So.2d 184; Bonds v. Bonds, 234 Ala. 522, 175 So. 561; Powell v. Powell, 285 Ala. 230, 231 So.2d 103. Here, in this instance, we cannot say the trial court was clearly and palpably wrong in the division of the property.

Able counsel for appellant additionally argues that the trial court, in its decree, makes no disposition of the household furniture and thereby committed reversible error. We note there is very little testimony regarding household furniture. Specifically, this court can only say that there was some and in view of this and the attendant presumption we cannot reverse.

Finally, appellant indicates in his brief that the trial court should have granted the appellant a divorce on the ground of physical cruelty. Suffice it to say in this regard that in a divorce action, when testimony is taken orally before the trial court, it is the appellate court's duty to affirm the trier of fact if the decree is fairly supported by credible evidence. Ledyard v. Ledyard, 46 Ala.App. 27, 237 So.2d 511. In this instance, there is credible evidence of incompatibility of temperament.

Considering all argued assignments of error, the trial court is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.