319 So.2d 265

**Floyie WILHOITE and Elnora N. Wilhoite**

**v.**

**Leroy NELSON and Florence Nelson.**

**SC 1353.**

Supreme Court of Alabama.

Sept. 25, 1975.

Sherman B. Powell, Decatur, for appellants.

Julian Harris, Decatur, for appellees.

MADDOX, Justice.

The legal question presented is whether a letter containing an offer to convey to promisee one-half of everything the promisor receives by way of inheritance can be specifically enforced.

Plaintiffs are husband and wife. Defendants are husband and wife. Plaintiff wife is the sister of the defendant husband. The subject property was inherited by defendant husband from one Molly Terry, the aunt of plaintiff wife and defendant husband. Plaintiffs claim a one-half interest in all of this property on the basis of an alleged agreement contained in a letter, allegedly written by defendant wife in 1956, and also on the basis of an oral agreement, allegedly made by all of the parties. The letter provided, generally, that if the plaintiffs would move back from Chicago to Alabama, to take care of Molly Terry, defendants would help them build a house and would give them one-half of whatever they got from Molly Terry. The plaintiffs also agreed that they would give defendants one-half of whatever they got from Molly Terry.

It is undisputed that the plaintiffs moved back to Alabama, built a house on Molly Terry's land, next to her, and took care of her. The length of time they cared for her is in dispute. Some evidence indicates that it was for six or seven years. Other evidence indicates that it was for four or five years. Molly Terry was an invalid the last two years of her life.

Plaintiffs maintain that the letter allegedly written by the defendant wife on behalf of herself and her husband was sufficient upon which the court could order specific performance. The plaintiffs also claim that the oral agreement was enforceable.

Defendant husband denied authorizing his wife to write the letter for him. He also denied entering into an oral agreement. Defendant wife also denied that she sent any letter to the plaintiff to that effect, and also denied the existence of any oral agreement. The trial judge found for the defendants. His final decree, in part, reads as follows:

" * * * The Court is of the opinion that the statute of frauds applies and further that there is insufficient evidence to establish a trust based on fraud. As pointed out in the defendants' brief *Manning v. Manning,* [*Pippen*] 95 Ala. 537, 11 So. 46, [56] sets the standard in holding that a mere promise and the breach of that promise is not sufficient to create a trust. There must be some evidence of fraud other than the breach of the promise. It is, therefore, considered, ordered and adjudged that the plaintiffs take nothing and the cause be, and hereby is, dismissed."

Before discussing the merits of the appeal, we address first a procedural point raised by the appellees. They say that the appellants have appealed from the trial court's judgment overruling their motion for a new trial, and since this was a case formerly cognizable in equity, the cause should be affirmed because the appellants have made no assignments of error with

respect to the final decree, but only as to the motion for a new trial.

 This cause was originally filed after the effective date of the Alabama Rules of Civil Procedure. Plaintiffs filed a motion for new trial pursuant to Rule 59, ARCP. Admittedly, under former practice, a decree or order denying an application for rehearing in equity which did not modify the original decree would not support an appeal. Former Equity Rule 62; *Whiteport v. Whiteport*, 283 Ala. 704, 220 So.2d 891 (1969). The Alabama Equity Rules have been superseded by the Alabama Rules of Civil Procedure. See Appendix II, Alabama Rules of Court, 1975, p. 296. While the validity of the Appendix can be challenged, this Court said, when it promulgated the Rules, that " * * * Appendix II, Statutes and Rules Superseded, shall be viewed with a presumption of validity." Order, January 3, 1973; Alabama Rules of Court, 1975, p. XX.

In view of what we have said, appellants' assignments of error which claim that the trial court erred in overruling their motion for new trial will be reviewed. Former Equity Rule 62 has been superseded.

We only discuss that portion of the court's decree determining that the Statute of Frauds applied, because this was the only issue which appellants substantially argue on appeal.

There was sufficient evidence before the trial court from which the court could have determined that the agreement could not be specifically enforced because: (1) the description of the land to be conveyed was insufficient. *Cf. Goodwyn v. Jones*, 288 Ala. 71, 257 So.2d 320 (1971); (2) the wife's signature was insufficient to bind her husband because she was not authorized in writing to be the agent of her husband. *See* Title 20, § 3, Code of Alabama 1940, (Recompiled 1958); (3) the alleged oral agreement was insufficient in that the promisors neither had title nor possession when the promisees were put in possession of the land. *See* Title 20, § 3(5), Code of Alabama 1940, (Recompiled 1958); *Formby v. Williams*, 203 Ala. 14, 81 So. 682 (1919).

We find that there was sufficient evidence upon which the trial court could have determined that the alleged agreements failed to comply with the Statute of Frauds. The judgment is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.