328 So.2d 588

**Doris Nell HAMAKER**

v.

**George M. HAMAKER.**

**Civ. 600.**

Court of Civil Appeals of Alabama.

Dec. 31, 1975.

Rehearing Denied Feb. 4, 1976.

Lipscomb & Lipscomb, Bessemer, for appellant.

Jackie McDougal, Bessemer, for appellee.

BRADLEY, Judge.

This is an appeal from an order of the trial court rendered on a petition to modify a divorce decree.

The parties to this proceeding were divorced by order of the Circuit Court of Jefferson County, Bessemer Division, on September 29, 1969. Appellant-wife was awarded custody of the two minor children with reasonable visitation rights for appellee-father. The father was ordered to pay $100 per month child support. The parties' personal property and jointly owned real property was disposed of in the following fashion:

> "4. That the complainant [wife] is awarded the use and occupancy of the real estate and residence owned by the parties hereto, and the household furniture and effects therein, and now located at Route One, Box 119, Adger, Alabama *until further orders of the court*." [Emphasis added.]

Subsequently the parties filed motions and pleadings in the following sequence: appellee filed a petition to modify on December 15, 1970; appellant filed an answer to that petition. Appellee then requested permission for resubmission, so that additional testimony might be taken; there was an answer to this request. Appellee then filed an amendment to the petition for modification, and appellant moved to strike

all of appellee's petitions and motions. Appellant also petitioned for injunctive relief against certain alleged behavior on appellee's part. Appellee next filed another amendment and another motion for resubmission. On November 22, 1972 appellant filed a petition seeking a sale for division of the jointly owned lands, which included the house that had served as the family residence, located on a three and one-half acre parcel at Route 1, Box 119, Adger, Alabama.

A hearing on all of these pleadings was held on November 27, 1972. The evidence at that hearing shows that, at the time of the divorce in 1969, the parties had two minor children, a girl and a boy. That daughter is now nineteen years old, married, and living away from home. The son is now fourteen years of age and has expressed a desire to live with his father. The boy has also told the court that he would like to live in the former family residence because of its size. Since August 2, 1972 the child had been living with his father at his grandmother's house. This latter house is small, having only three rooms. At the time of the modification hearing the father had been laid off from work because of heart trouble. He was drawing $240 a month Social Security and $143 a month from a pension. The fourteen year old son was receiving $120 from Social Security, but this was being paid to appellant, who stated that she used a portion of it to buy the boy clothes and for his lunch money; the remainder was placed in the bank for him. The evidence also showed that at the time of the hearing, appellant had remarried, and that her second husband supported her adequately. At the hearing, appellant stipulated that appellee should have custody of the son.

The final decree, issued on December 14, 1972, awarded custody of the son to appellee, and required appellant to give to appellee all funds that she still held as a result of the boy's Social Security payments. It further ordered that appellant's interest in the jointly owned real estate be divested from her and awarded to appellee upon his payment to her of $1,200. Appellee was awarded the household furniture and fixtures remaining in the house. Appellant filed a motion for rehearing which was denied on November 25, 1974. This appeal is from the decree of modification and the denial of application for rehearing.

Appellant's seventeen assignments of error raise essentially four contentions for reversal: (1) the trial court erred in divesting appellant of her undivided one-half interest in the jointly owned real estate; (2) there was no evidence to support the award of only $1,200 as compensation for appellant's interest in the real estate; (3) the award of all the furniture and fixtures to appellee was error; and (4) the denial of appellant's application for rehearing was erroneous.

We will first consider appellant's contention that the trial court erred in denying the application for rehearing. Appellee replies that, under the old Equity Rules, the trial court's denial of rehearing was not an appealable order. We agree.

The final decree deciding the request for modification of the original divorce proceedings was entered on December 14, 1972; the application for rehearing was filed on January 15, 1973. The trial court conducted a hearing and took the rehearing application under submission on March 2, 1973. The order denying the application was rendered on November 25, 1974, some twenty-one (21) months later. The Rules of Civil Procedure became effective on July 3, 1973.

■ Under Equity Rule 62, an order denying an application for rehearing in an equity case which did not modify the original decree could not be reviewed on appeal, *Whiteport v. Whiteport*, 283 Ala. 704, 220 So.2d 891. This equity rule, along with the other equity rules, was superceded by the Alabama Rules of Civil Procedure.

What was formerly an application for rehearing is now considered as a motion for new trial and will be reviewed on appeal, Rule 59, ARCP.

Appellant argues, in essence, that the ruling on the rehearing application is governed by the Alabama Rules of Civil Procedure and cites us to *Wilhoite v. Nelson,* 294 Ala. 523, 319 So.2d 265.

The supreme court in the cited case applied the Alabama Rules of Civil Procedure because the original action and the motion for new trial were filed after the effective date of the Rules, July 3, 1973, and were ruled on after that date.

■ We do not consider *Wilhoite* to be apt authority in the present proceeding. The original action here was filed in 1969; the application for rehearing was filed on January 15, 1973; the matter was heard and taken under submission on March 2, 1973; all events occurring prior to July 3, 1973, the effective date of the Alabama Rules of Civil Procedure. However, we do consider *Premier Industrial Corp. v. Marlow,* 292 Ala. 407, 295 So.2d 396, cert. den. 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed. 2d 308, to be decisive authority that the trial court's order denying the rehearing application is not reviewable here. In *Premier Industrial* an amended complaint and demurrers thereto had been filed and submitted to the trial court prior to July 3, 1973. A contention was raised that the ruling, which came after July 3, 1973, should be governed by the Alabama Rules of Procedure, which abolished demurrers. The supreme court, pointing out that Rule 86, ARCP provides that the Rules shall " . . . govern all proceedings in actions brought after they take effect . . . ," held that the Alabama Rules of Civil Procedure did not apply. The demurrers had been filed, argued, and submitted to the court prior to the effective date of the Rules. Nothing remained to be done but to rule on the demurrers. The supreme court also noted that no request

had been made to have the trial court apply the new Alabama Rules of Civil Procedure.

In the present case the application for rehearing was similarly filed, argued and submitted to the trial court before July 3, 1973; furthermore, there was no request of the trial judge that he apply the Alabama Rules of Civil Procedure. We therefore conclude that the Equity Rule and not the Alabama Rules of Civil Procedure provision governs. The denial of application for rehearing is not reviewable on this appeal.

Next, appellant claims that granting appellee all of the household furniture and fixtures, without compensation to her, was error. It is her argument that the effect of this award is to require her to pay alimony to her former husband, contrary to law. We find no merit in this argument.

■ To award the husband the *use* of property as a home for the child is indeed alimony to the extent that the wife's interest is contributed towards the maintenance and support of the husband, *Davis v. Davis,* 279 Ala. 643, 189 So.2d 158. However, the *Davis* case has explicitly been held inapplicable to a permanent division of jointly owned property, *Baggett v. Baggett,* 47 Ala.App. 539, 258 So.2d 735. The instant award is clearly a property division, not an interlocutory award of support.

■ The division of property in a divorce case does not have to be an equal one, but only one which is graduated according to the nature of the case, *Reid v. Reid,* 53 Ala.App. 189, 298 So.2d 611; *Hicks v. Hicks,* 52 Ala.App. 586, 296 So.2d 180. A decree dividing the property of the parties is a matter addressed to the discretion of the trial court, subject only to review for abuse, *Allen v. Allen,* 49 Ala.App. 200, 269 So.2d 914. The only question properly before us is whether or not the trial court abused its discretion in awarding the personal property to the husband.

■ These principles of law must be read in conjunction with the ore tenus rule, which requires us to affirm the trial court unless its findings are plainly and palpably erroneous, *Reid v. Reid, supra.*

There is very little testimony in the record regarding the furniture and fixtures. There is no evidence that the wife brought any of this personal property into the marriage from her separate estate. Construed most favorably to the wife, the evidence shows that the furniture and fixtures were obtained through the joint efforts of the parties during marriage.

■ The factors to be considered in determining the property settlement include the earning capacity and future prospects of the parties, their ages, sex, health and station in life, how long they were married, whether there are children to support, and the conduct of the parties with reference to the cause of the divorce, *Tyler v. Tyler,* 52 Ala.App. 430, 293 So.2d 856. Considering that the wife has remarried, is adequately provided for by her present husband, and has voluntarily agreed to relinquish her responsibility for raising the minor child to appellee, who is notably handicapped in his health and ability to earn, we do not find palpable error in the trial court's disposition of the furniture and fixtures.

Appellant's third major contention is that she has been improperly divested of her real property. To support this contention, she argues that the trial court had no authority to modify the original decree so as to invest title to real property in appellee on a petition for modification, and cites our case of *Holsombeck v. Pate,* 47 Ala. App. 39, 249 So.2d 861. In the cited case some jointly owned property was not mentioned in an original divorce decree, but was mentioned initially in a petition to modify containing a request to divest the former wife of her interest in real estate upon payment of a certain sum by the former husband. We held in *Holsombeck* that the trial court had no authority to

grant the relief asked for in the modification petition because (1) the jurisdiction of the trial court to divide the parties' jointly owned property was not invoked in the original divorce proceedings; and (2) the trial court's jurisdiction was not invoked to use the property as a source of support and maintenance for minor children. See *Haney v. Haney,* 50 Ala.App. 79, 277 So.2d 356.

■ In the present case the trial court's final decree in the divorce proceedings allowed the former wife to occupy and use the jointly owned real property until such time as the trial court would order other disposition. This retention of jurisdiction leads us to believe that allowing the wife to use the property was purely a temporary measure and that a future permanent disposition was clearly envisioned. We therefore consider that *Holsombeck* does not preclude the trial court from ordering appellant to transfer her interest in the real property to appellee.

■ Furthermore, the trial court in the instant case awarded to appellee custody of the fourteen year old son after it was made known that the appellant had no objections and that the child had evidenced a desire to live with his father in the homeplace. Placing the full title to the home property in appellee would permit the father and son to live in the house. We believe that the trial court properly viewed the property as a " . . . source of support and maintenance for minor children, . . . ." See *Holsombeck v. Pate, supra;* also see *Tucker v. Tucker,* 280 Ala. 608, 196 So.2d 724. Two cases relied on by appellant—*Summerlin v. Bowden,* 286 Ala. 391, 240 So.2d 356 and *DuBoise v. DuBoise,* 275 Ala. 220, 153 So.2d 778—had dissimilar factual situations and would not be apt authority to support appellant's argument.

We therefore conclude that the trial court, in the original divorce decree, took jurisdiction of the real property but did not make a final disposition of it as had

been done in *DuBoise v. DuBoise, supra;* instead, the court merely permitted the ex-wife to use the property until a final disposition could be made. The final disposition occurred in the order entered on the modification petition. We find no error here.

Appellant next argues that the court erred in awarding her only $1,200 for her one-half interest in the property when the record is devoid of any evidence as to the value of the real estate.

■ Prior to the hearing on the application for rehearing, neither appellant nor the appellee introduced evidence as to the value of the real estate owned by the parties or the value of appellant's interest therein. There was some evidence presented to the court at that hearing as to value of the premises. However, this occurred after the rendition of the decree which is the subject of this appeal. At the time of the decree appealed from, there was no evidence in the record as to the value of the real estate, and nothing in the record suggests that the trial court heard evidence outside the record on the subject of valuation.

There being no evidence to support the court's decree as to the value of appellant's interest in the jointly owned real estate, it is in error. *Baggett v. Baggett, supra.* This aspect of the trial court's decree will be reversed and the cause remanded for the purpose of ascertaining the value of appellant's interest in the real property located at Route 1, Box 119, Adger, Alabama and owned by the parties at the time of the decree appealed from.

Affirmed in part; reversed in part and remanded with directions.

WRIGHT, P. J., and HOLMES, J., concur.

## ON REHEARING

■ Appellee filed an application for rehearing on the issue of the $1,200 valuation assigned appellant's interest in the real property by the trial court. Finding no evidence in the record to support that amount, we reversed in part and remanded for further inquiry into the value of the realty. Appellee asks us to reconsider this aspect of our opinion.

A careful re-examination of the entire record confirms that it shows no evidence as to valuation before the trial court at any time up to the entry of the decree appealed from. However, appellee insists that the pleadings, motions and testimony which are in the record allow an inference that the trial court heard valuation testimony which was not taken down, transcribed, or placed in the record. This, according to appellee, insulates from reversal the trial court's decree, *Williams v. Clark,* 263 Ala. 228, 82 So.2d 295.

The record does show that numerous pleadings and motions were filed by the parties over a period of several years prior to the appealed from decree. The record also suggests that hearings on these motions were held on January 26, 1971, and October 7, 1971. The nature of these hearings, with particular reference to whether or not any valuation evidence was taken, is not set forth in the record with any degree of definition. Rather, the very fact that evidence was even taken at the hearings is left to conjecture. In fact, the issues raised by the motions before the court at those hearings do not seem to require evidence of valuation.

This does not constitute an affirmative appearance from the record that there was before the trial court unrecorded evidence that might have influenced its decision on valuation. Therefore, under *Fretwell v. Fretwell,* 282 Ala. 377, 211 So.2d 795, appeal after remand 283 Ala. 424, 218 So.2d 138, this case does not come under the principle on which appellee relies.

Opinion extended.

Application for rehearing overruled.

WRIGHT, P. J., and HOLMES, J., concur.