325 So.2d 193

**Elizabeth·Cole BAGGS**

v.

**Robert Edwin BAGGS.**

**Civ. 644.**

Court of Civil Appeals of Alabama.

Jan. 7, 1976.

Whitesell & Gordon, Montgomery, for appellant.

W. Mark Anderson, III, Montgomery, for appellee.

BRADLEY, Judge.

Elizabeth Cole Baggs and Robert Edwin Baggs were married in May 1956 and divorced for incompatibility on July 18, 1975 by order of the Circuit Court of Montgomery County. The trial court awarded the wife, inter alia, $7,600 gross alimony, payable $250 per month for the first year and $150 per month for the next two years; and an attorney's fee of $350. She appeals on the ground that the award of permanent alimony is inadequate.

The parties were married for nineteen years and produced no children. Appellant had been married once before and had two daughters by her former husband, a military flyer who was killed in a plane crash. As a result of his death, the appellant received $263 per month and $200 for the children, along with a lump-sum settlement of approximately $7,000. However, the $263 payment ceased upon appellant's marriage to appellee.

Appellee Robert Baggs, at the time he married appellant, was a graduate psychologist practicing in Savannah, Georgia. Shortly after the marriage, he decided to obtain a doctorate in psychology. It was agreed that appellant would use the $200 received on behalf of the children to help support the family. Appellee obtained fellowships, assistantships and other financial aid while attending Purdue University. During this time he also worked for a state mental hospital and for the Veterans Administration. Appellant states that she contributed $175 a month from her savings during the time they were at Purdue University. Appellee answers that he was unaware of this contribution.

After obtaining his doctorate from Purdue, the appellee was employed at a mental health center in Peoria, Illinois, then at a center in Decatur, Alabama, and finally at the mental health center in Montgomery, Alabama. For about the last two years, appellee has been a privately practicing clinical psychologist in Montgomery.

While working at the Montgomery mental health center, appellee testified that he earned about $20,000. In the first year of private practice, along with a parttime teaching position at AUM, he earned about $16,500. During the first half of the second year of practice, his earnings were

about $7,800. At the present time appellee's net monthly income is about $1,000–$1,100. His personal expenses are approximately $900 a month.

Appellant, a fifty year old woman in reasonably good health whose two children are living on their own, was employed as a bookkeeper-secretary earning about $500 a month. She had savings of about $5,100, the savings being what was left of the benefits received after the death of her first husband and the sale of a house acquired during that first marriage. She also had two insurance policies with cash surrender values of about $2,800 and a checking account balance of about $825. She owed $1,500 on a new automobile. Her total monthly expenses were estimated to be about $830.

The parties owned no real estate, stocks, or bonds. The husband's main asset was cash surrender value in several life insurance policies of about $10,000. He also owned an automobile and was living in a one bedroom apartment.

It was made known to this court subsequent to the appeal that appellant was receiving $336 per month from the U.S. Government as a result of the death of her first husband.

We said in *Tyler v. Tyler,* 52 Ala.App. 430, 293 So.2d 856, that:

"The amount of alimony to be fixed pursuant to a divorce is within the sound discretion of the trial court. The decree is also presumed to be correct, where the testimony was taken orally before the court, and this presumption is overcome only where the appellate court determines from an examination of all the evidence that the decree is contrary to and unsupported by the evidence. *Hallman v. Hallman,* 51 Ala.App. 460, 286 So.2d 863.

"Each case must be determined upon its own relevant facts in light of what is fair and reasonable to both parties with the following factors appropriate for consideration: the earning capacity and future prospects of the parties; their ages, sex, health and station in life; how long they were married; whether there are children to support; and the conduct of the parties with reference to the cause of divorce. *Phillips v. Phillips,* 49 Ala.App. 514, 274 So.2d 71; *Davis v. Davis,* 274 Ala. 277, 147 So.2d 828."

■ As stated above, the evidence shows the wife to be in good health, working and earning $500 per month; her prospects for the future are good. The husband's prospects are also good and his gross income is about $1,400 per month. There are no dependent children, and the parties' ownership of property is limited to household goods, automobiles, and the husband's insurance policies.

The husband's income is greater than the wife's but not to such an extent as would render the award to the wife unjust. Appellant's earning prospects are good and with the income from the government she will be able to support herself.

After carefully considering the evidence and applying the usual presumptions thereto, we cannot say that the trial court's award of alimony to appellant is so unjust as to amount to an abuse of discretion. Consequently, the decree of the trial court will be affirmed.

■ Appellant's counsel has requested the award of an attorney's fee for services rendered in behalf of appellant's appeal. In view of the decision of this court on the merits of the appeal, the request is denied.

Award of attorney's fee denied; affirmed.

WRIGHT, P. J., and HOLMES, J., concur.