This is an appeal from a decree of the Circuit Court of Covington County slightly modifying a divorced mother's privilege of visitation (temporary custody) with the minor child of the parties' marriage. Appellant-father argues that the trial court erred in not requiring the mother to post bond or other security prior to removing the child from Alabama jurisdiction. *Page 388 
The parties were divorced on February 23, 1973. Custody of the child was awarded to the father, so long as the custody was maintained at the home of the child's paternal grandparents. The mother was granted visitation privileges with the child on those weekends of each month on which the second and fourth Saturdays occur. Such weekend period was to begin at 5:00 p.m. on Friday and terminate at 5:00 p.m. Sunday. Visitation privileges were also granted for certain holidays and for the entire month of June. The divorce decree further specified that all exchanges of custody of the child be made at the police station in Andalusia.
There were no restrictions on the places or manner in which the visitation privilege was to be exercised, other than those noted above. There was no requirement that the mother notify the father in advance of her intention to exercise her visitation privilege.
On October 3, 1975 the mother filed a petition for modification stating that the appellant had failed to allow the visitations permitted by the divorce decree, and that the father and child no longer resided with the paternal grandparents. The petition requested that the father be punished for contempt, and be required to pay all attorneys' fees in the proceeding; and that the permanent custody of the child be placed in the mother. The father's answer, filed November 10, 1975, denied interference with the visitation privileges, and stated that appellee had allowed two years to elapse without attempting to exercise said privileges. That same day a hearing was held wherein the trial judge heard oral testimony taken from the parties.
The decree appealed from was entered on November 12, 1975. The father was found innocent of contempt, and the custody and visitation provisions of the original divorce decree were affirmed in all respects with the following exception:
 ". . . [T]he commencement of the Plaintiff's periods of visitation should commence at 8:00 o'clock a.m. on Saturdays and end at 5:00 o'clock p.m. on Sundays and provided further that the Plaintiff be required to give the Defendant 24 hours notice either by letter or by telephone each time that she expects to exercise the rights of visitation in order that the Defendant will not have to prepare the child for visitation unless the Plaintiff is in fact going to exercise her rights of visitation."
The mother is now remarried and resides in Panama City, Florida, where she intends to take the child during visitation. The father makes several references in his brief to the quality of homelife and other environmental factors which the child will encounter during visitation. The evidence in the record does tend to show that the environment which the mother intends to provide is in many ways suspect. However, the present appeal does not present issues which require us to take a position as to the suitability of the mother or her Florida home for temporary custody of the child.
Although the Alabama Rules of Appellate Procedure (ARAP) have abolished assignments of error, it is still the appellant's burden to adequately delineate the issues upon which review is to be based. These issues must appear in the statement of issues prescribed in Rule 28, ARAP, although this court has held that we will look to the entire brief, where helpful, to resolve minor inadequacies in the presentation of issues,Thoman Engineers, Inc. v. McDonald, Ala.Civ.App., 328 So.2d 293
(1976).
In the instant case, our thorough examination of appellant's brief compels the determination that the sole issue raised by this appeal is whether the trial court erred in allowing appellee to temporarily remove the child from Alabama to Panama City, Florida, without requiring her to post bond or supply other security. Appellant's references in his argument to appellee's basic suitability for custody are aimed at bolstering the argument against removal from Alabama, not toward establishing an independent claim of error. *Page 389 
The trial court has the authority to allow the custodial parent to take the child beyond the jurisdiction of the court. The requirement of a bond to assure the return of the child is discretionary and will not be revised on appeal except for an abuse of that discretion, Whiteport v. Whiteport, 283 Ala. 704,220 So.2d 891.
The trial court permitted the mother to have the child visit with her, knowing from the evidence that the mother intended to effect this visitation at her home in Panama City, Florida, and did not require a bond to assure its return to Alabama. The record is devoid of any evidence that the mother intended to permanently keep the child in Florida once she obtained temporary custody. We therefore conclude that the trial court did not abuse its discretion in failing to require the mother to post a bond prior to visitation with the child. In view of this conclusion, we affirm the judgment of the trial court.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.