HOLMES, Judge.
This is a divorce case.
The husband appeals from the trial court’s action regarding the property division and/or award of alimony in gross. We affirm.
Additionally, the wife appeals, contending the trial court erred in failing to require the husband to maintain certain life insurance policies with the parties’ children as beneficiaries. We find no reversible error in this regard.
Viewing the testimony with the attendant presumption of correctness accorded the trial court, we find the following. The husband is 35 years old; the wife is 33. They were married in excess of 16 years and the union produced 3 children. The wife has little formal education. The husband is a college graduate. His occupation is that of an engineer and he earns over $20,000 per year. He is employed by the United States Army in Huntsville, Alabama. The wife has no readily marketable skills.
During the marriage, the parties acquired a farm consisting of approximately 25 acres. They built a home on this property. A farming operation was done on the land with a large portion of the work in the last few years being performed by the wife and children.
We do not deem it necessary to set out in detail the cause of the breakdown of the marriage. Suffice it to say there is evidence to support the conclusion that the husband wanted a divorce because he was “in love” with another woman. The divorce was granted on the grounds of incompatibility.
The trial court awarded the wife the farm and acreage. The value of this property was approximately $50,000 with a mortgage in excess of $4,500. The wife was required to assume the mortgage debt. Additionally, the wife was awarded certain vehicles, farm equipment, and livestock. The value of these items was approximately $6,000.
*1073 The husband was awarded approximately 7 acres of land with an equity of less than $1,000 and personal property of a value of less than $5,000. It is from this disparity of an award of alimony in gross and/or division of property that the husband appeals.
It is readily apparent that the husband’s main contention is that the trial court erred in awarding the entire farm to the wife.
We note here, as we did in Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d. 159 (1974); and in Hicks v. Hicks, 52 Ala.App. 586, 296 So.2d 180 (1974), we cannot determine whether the award to the wife is an award of alimony in gross or a property division, but we need not make such a determination.
If the award is one for alimony, the amount of such award depends upon the facts of the particular case. Self v. Self, 49 Ala.App. 665, 275 So.2d 345 (1973). If the award is a division of property, such division does not require an equal division of the estate, but one graduated according to the nature of the case. See Eubanks v. Eubanks, supra.
In this case, the husband is gainfully employed. In fact, he earns over $20,000 a year. We would further note that he has completed substantial requirements for a Ph.D. On the other hand, the wife has little formal education and has never been substantially employed. She has been married to the husband for approximately one-half of her entire life. She and the children have performed substantial work on the farm.
The trial court could well have found that the breakup of the marriage was caused by the husband. This is a proper consideration by the trial judge in determining an award to the wife even where the divorce is granted on the ground of incompatibility. See Gamble v. Gamble, 53 Ala.App. 168, 298 So.2d 254, cert. den. 292 Ala. 721, 298 So.2d 260 (1974).
Furthermore, important is the fact that the only substantial asset of the parties is the farm.
Under these facts, as found by the trial court, we cannot say the trial judge erred to reversal in awarding the farm place to the wife, where she and the children will have a home and a means to earn a livelihood. This is true, even though there is a disparity in the “dollar amounts” awarded to the husband and wife. See Eubanks v. Eubanks, supra.
Considering the above and keeping in mind that a division of property and/or award of alimony in gross by the trial court in a divorce decree is subject to reversal only if such an award is plain and palpable error, we cannot say the trial court erred to reversal. See Stewart v. Stewart, Ala.Civ.App., 341 So.2d 490 (1977); Hamaker v. Hamaker, 57 Ala.App. 333, 328 So.2d 588 (1975), cert. den. 295 Ala. 404, 328 So.2d 594 (1976).
CROSS APPEAL
In view of the award to the wife, as noted above, and the award of child support, we find no error to reversal in the trial court’s action in failing to require the husband to maintain certain insurance.
The attorney for the appellee-wife has petitioned this court for an attorney’s fee for representing the wife on appeal. A fee of $350 is hereby awarded.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.