This is a divorce case.
The appellant-wife contends the trial court erred to reversal in granting the divorce in favor of the husband on the ground of voluntary abandonment. The wife further alleges error in the trial court's division of property.
A review of the record reveals the following pertinent facts:
The parties to this action were married in 1935 and lived together until they separated in May of 1972. Although a divorce petition was filed in August, 1972, the parties subsequently reconciled their differences, at least temporarily. After the reconciliation, the wife and husband divided all of their jointly owned personal property with the exception of the furniture and fixtures contained in their home. This personal property was worth approximately $35,000.
Much of the testimony in the record concerning the events of 1974, which culminated in the final separation, is conflicting to say the least. Most of this testimony revolved around allegations of threats of violence, loud talk, and other general unpleasantness not pertinent to the resolution of the issues in this case. Suffice it to say, the wife left the homeplace of the parties in July, 1974, and went to the home of her elderly mother and unmarried brother. The wife's absence from the homeplace has been continuous since July, 1974. The husband has continued to reside in the home.
The husband filed for divorce in November, 1976, alleging voluntary abandonment on the part of the wife as ground for such divorce. The wife filed a cross-bill seeking a divorce on the ground of cruelty. *Page 998 
After an ore tenus hearing, the trial court awarded the divorce in favor of the husband on the ground of voluntary abandonment. The court further awarded the homeplace and its surrounding 22 1/2 acres of land to the husband. The wife was awarded 214 shares of Rollins International stock, the value of which cannot be determined from the record. A division of the household furniture between the parties was also ordered by the court.
The wife appeals, alleging error in the trial court's finding that the wife voluntarily abandoned the husband. Specifically, the wife contends the divorce should have been granted in her favor on the ground of cruelty.
Suffice it to say, in this regard, that in a divorce action when testimony is taken orally before the trial court, it is the appellate court's duty to affirm the trier of fact if the decree is fairly supported by credible evidence. Put another way, it is the duty of this court to affirm the decree below if under any reasonable aspect it is fairly supported by credible evidence, even though this court may have a different view of the evidence. See Reid v. Reid, 53 Ala. App. 189, 298 So.2d 611
(1974); Linderman v. Linderman, 49 Ala. App. 662, 275 So.2d 342
(1973).
As noted above, the wife left the homeplace of the parties in July, 1974, to live with her mother and brother. She has stayed there continuously since that time. In view of this, there is credible evidence in this instance to support a finding of voluntary abandonment by the wife. There is evidence, as contended by the wife, that the husband was responsible for the wife's abandonment by virtue of the husband's conduct. However, the husband denied this and it is the duty of the trial court to resolve this conflict.
The wife further alleges the trial court erred in its division of property. Specifically, the wife contends the husband should not have been awarded the homeplace and surrounding land.
At the outset, we note that a division of an estate in a divorce proceeding is an adjustment of property rights and equities between the parties as shall seem just by the trial court. See Horsley v. Horsley, 50 Ala. App. 445, 280 So.2d 150
(1973). Such a division will not be disturbed on appeal in the absence of proof that discretion was exercised in an arbitrary and unjust manner. See Conwell v. Conwell, 56 Ala. App. 188,320 So.2d 694 (1975).
The record reveals that the husband acquired the 22 1/2 acres of land from his family in 1936. Subsequently, the husband constructed the homeplace with his own money. The homeplace and its surrounding land was valued at $47,500. The record further reveals that the wife has a separate estate of approximately 198 acres which she had inherited. This was valued at approximately $67,200.
The law in Alabama is settled in that a property division does not require an equal division of the estate, but one which is graduated according to the nature of the case. See Horsleyv. Horsley, supra. Furthermore, the court can look to the manner in which the property was acquired and determine what is an equitable division. There can be no mathematical formula to determine how the property should be divided. See Conwell v.Conwell, supra; Horsley v. Horsley, supra; 8 Ala. Digest Divorce 252.
The evidence shows the trial court did not exercise its discretion in an arbitrary and unjust manner. The fact that the homeplace was awarded to the husband and the wife received stock does not require reversal. See Cobb v. Cobb, Ala.Civ.App., 352 So.2d 1384 (1977); Ayers v. Ayers, Ala.Civ.App., 352 So.2d 459 (1977).
This is particularly true in view of the fact that the appellant-wife has a considerably larger estate than the husband. An additional factor supporting the trial court's decree involves the manner in which the homeplace was acquired. As noted above, the husband acquired the land from his family and he built the homeplace using his *Page 999 
own funds. In view of this, in this instance, we cannot say the trial court erred in awarding the homeplace and its surrounding acreage to the husband.
Counsel for appellant, along the same line, additionally argues that the trial court erred in its distribution of household furniture. We note there is very little evidence regarding household furnishings. In view of the attendant presumption, as noted above, we cannot say that the trial court plainly and palpably erred in its award of household furniture and furnishings.
The above being dispositive of the issues in this case, the trial court is hereby due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.